1   Angel R. Sevilla (State Bar No. 239072)
2   Kathleen B. Roney (State Bar No. 268446)
    Spencer Ladd (State Bar No. 340905)
3   JACKSON LEWIS P.C.
    50 California Street, 9th Floor
4   San Francisco, California 94111-4615
    Telephone:  (415) 394-9400
5   Facsimile:   (415) 394-9401
    E-mail:  Angel.Sevilla@jacksonlewis.com
6   E-mail:  Kathleen.Roney@jacksonlewis.com
    E-mail:  Spencer.Ladd@jacksonlewis.com
7
8   Attorneys for Defendant
    ROKID, INC.
9                     UNITED STATES DISTRICT COURT
10                  NORTHERN DISTRICT OF CALIFORNIA
11

| | |
|---|---|
| 12  JUN FU, | Case No.  _____ |
| 13         Plaintiff, | **DEFENDANT ROKID, INC.'S NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332 AND 1441** |
| 14      v. | |
| 15  ROKID, INC., and DOES 1-25, | |
| 16         Defendants. | |
| 17 | **DIVERSITY JURISDICTION** |
| 18 | (Filed concurrently with Declaration of Kathleen B. Roney; Declaration of Liang Guan; Certification and Notice of Interested Parties; Civil Cover Sheet; and Corporate Disclosure Statement) |
| 19 | |
| 20 | |
| 21 | State Complaint Filed:  August 17, 2023 |
| 22 | Complaint Served:  Not Served |

23
24   **TO THE HONORABLE COURT, PLAINTIFF MICHAEL NGUYEN, AND HIS**
25   **ATTORNEY OF RECORD:**
26          PLEASE TAKE NOTICE THAT Defendant ROKID, INC. ("Rokid" or "Defendant")
27   hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. §§ 1332 and 1441 to
28   remove this action from the Superior Court of California, in and for the County of San Francisco,

1
DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO NORTHERN DISTRICT OF
CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332 AND 1441 (DIVERSITY)

on the grounds of diversity jurisdiction.  In support thereof, Defendant asserts the following:

**I.      STATEMENT OF JURISDICTION**

1.      The District Court has original jurisdiction under 28 U.S.C. § 1332(a)(1), and this case may be removed pursuant to 28 U.S.C. § 1441 because it is a civil action between "citizens of different States" wherein the amount placed in controversy exceeds the sum of $75,000, exclusive of interest and costs.

2.      As set forth below, jurisdiction within the Northern District is proper on the grounds herein described and the action is timely and properly removed upon the filing of this Notice.

**II.     PLEADINGS AND PROCESS**

3.      On August 17, 2023, Plaintiff Jun Fu ("Plaintiff") filed a Complaint in the Superior Court of California, County of San Mateo, Case No. 23-CIV-03872 (the "Complaint").  True and correct copies of the Complaint and Summons, the only documents filed in state court, are attached to the Declaration of Kathleen B. Roney ("Roney Decl.") as Exhibits A and B, respectively. (Roney Decl., ¶¶ 3-4.)

4.      Defendant has not been served in this matter.  (Roney Decl., ¶ 5; Declaration of Liang Guan ("Guan Decl."), ¶ 8.)

5.      Defendant has not filed an Answer in the Superior Court.  (Roney Decl., ¶ 4.)

6.      In the Complaint, Plaintiff alleges causes of action for: (1) Retaliation in violation of Labor Code Sec. 1102.5; (2) Violation of Labor Code Secs. 233 and 234; (3) Wrongful termination, (4) Breach of contract, and (5) Failure to pay wages and penalties under the Labor Code.  (Roney Decl., Ex. A.)

7.      This Removal is timely because Defendant has not yet been served with the Summons and Complaint.  (Roney Decl., ¶ 5; Liang Decl., ¶ 8.)

8.      This Removal is therefore filed within the time period mandated by § 1446(b), since the deadline to remove has not yet begun.  *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 356 (1999) (holding the thirty-day removal deadline is triggered by actual service of the complaint); *see also Williams v. Am. Airlines, Inc.*, 846 F. App'x 560, 560 (9th Cir. 2021) (quoting *Murphy Bros.*).

DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO NORTHERN DISTRICT OF
CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332 AND 1441 (DIVERSITY)

1   **III.   VENUE**

2       1.      This action was initially filed in the Superior Court in the County of San Mateo,

3   which sits in the Northern District Court of California.  *See* 28 U.S.C. § 84(a).  Thus, for purposes

4   of Removal, venue properly lies in this District Court.  *See* 28 U.S.C. § 1446(a).

5       2.      The San Francisco Division and Oakland Division are the proper divisions for this

6   action under Northern District of California, Local Rule 3-2(d), which states that all civil actions

7   that arise in the County of San Mateo shall be assigned to the San Francisco Division or the

8   Oakland Division.

9   **IV.   THIS COURT MAY EXERCISE DIVERSITY JURISDICTION**

10      3.      This case meets the requirements of 28 U.S.C. § 1332(a) and may be removed to

11  federal court pursuant to 28 U.S.C. § 1441 because it is a civil action: (1) "between citizens of

12  different States"; (2) wherein the amount in controversy exceeds the sum of $75,000, exclusive of

13  interest and costs.  28 U.S.C. §§ 1332(a), 1441.

14              **A.   Plaintiff and Defendant are citizens of different states.**

15      4.      For purposes of determining diversity of citizenship, an individual is deemed a

16  citizen of the state in which he is domiciled.  *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853,

17  857 (9th Cir. 2001).

18      5.      Diversity of citizenship is determined at the time the complaint is filed and removal

19  is affected.  *See Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991); *Strotek

20  Corp. v. Air Transport Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002).

21      6.      A plaintiff's place of residency is evidence of his domicile absent affirmative

22  allegations to the contrary.  *See District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941) ("The

23  place where a man-lives is properly taken to be his domicile until facts adduced establish the

24  contrary."); *Grossman v. FCA US LLC*, No. CV 17-2048 DMG (JPRx), 2017 U.S. Dist. LEXIS

25  223486, *6 (C.D. Cal., May 25, 2017) (for removal purposes, alleging citizenship of plaintiff based

26  on plaintiff's state of residence is sufficient); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514,

27  520 (10th Cir. 1994) (noting a party's residence is prima facie evidence of his domicile.)

28  ///

DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO NORTHERN DISTRICT OF
CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332 AND 1441 (DIVERSITY)

7.      Plaintiff's Complaint does not identify Plaintiff's place of residency as of the date the Complaint was filed.

8.      Plaintiff alleges that he was employed by Defendant from November 2021 until May 25, 2023.  (Complaint ¶¶ 4, 10.)  At the onset of his employment and at all times during his employment, Plaintiff used a Minnesota address and informed Rokid he resided in Minnesota. (Guan Decl., ¶ 5.)  Indeed, the most recent address Plaintiff provided Defendant, as shown on his final pay stub, is in Woodbury, Minnesota. (Guan Decl., ¶ 6 and Ex. A.)  Therefore, Plaintiff is presumptively a citizen of Minnesota.

9.      A corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business.  *See* 28 U.S.C. § 1332(c).  With respect to ascertaining a corporation's principal place of business for purposes of diversity jurisdiction, the United States Supreme Court has adopted the "nerve center test."  *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010).  Under the nerve center test, a corporation's principal place of business is where a corporation's high-level officers direct, control and coordinate the corporation's activities.  *See id*. A corporation can only have one "nerve center."  *Id*. at 1193-95.  In evaluating where a corporation's "nerve center" is located, courts will look to the center of overall direction, control, and coordination of the company and will no longer weigh corporate functions, assets, or revenues in each state.  *Id*.  A corporation's principal place of business is normally the place where the corporation maintains its headquarters.  *See id*. at 1191-95.

10.      Defendant is a California corporation headquartered in Redwood City, California. (Guan Decl., ¶ 7.)

11.      Based on the foregoing, this action is one between "citizens of different States" in accordance with § 1332(a).

**B.   The presence of a forum Defendant does not preclude removal.**

12.      Although complete diversity exists in this matter, Section 1441(b)(2) generally restricts a defendant's ability to remove a case to federal court if the Defendant is a citizen of the state in which the action is filed. *See* 28 U.S.C. § 1441(b)(2).

///

13.     However, the plain language of Section 1441(b)(2) indicates it only applies to defendants "properly joined and served". *Id.*  Based on this language, "the Northern District of California has consistently held a defendant may remove an action prior to receiving proper service, even when the defendant resides in the state in which the plaintiff filed the state claim." *Loewen v. McDonnell*, Case No. 19-CV-00467-YGR, 2019 U.S. Dist. LEXIS 94613, *17 (N.D. Cal., June 5, 2019) (internal quotation omitted); *see also Global Indus. Investment, Ltd. v. Chung*, Case No. 19-CV-07670-LHK, 2020 U.S. Dist. LEXIS 76787, **12-13 (N.D. Cal., Apr. 28, 2020) ("the plain text of Section 1441(b)(2) governs, and that text permits a defendant to remove an action prior to receiving proper service, even when the defendant resides in the state in which the plaintiff filed the state claim" (internal quotation omitted); *Carreon v. Alza Corp.*, No. C 09-5623 RS, 2010 WL 539392, *1 (N.D. Cal. Feb. 9, 2010) ("Courts in this district have routinely applied [section 1441(b)] as it is written."); *Davis v. Hoffman-LaRoche, Inc.*, No. 13-5051 JSC, 2014 WL 12647769, *2 (N.D. Cal. Jan. 14, 2014) (recommending denial of motion to remand and stating courts in this district "have uniformly held that the language of Section 1441(b)(2) is clear: the local-defendant rule applies only to those defendants which have been properly *joined and served*.") (emphasis in original).

14.     Defendant has not been served at the time of removal.  Plaintiff filed this Complaint on August 17, 2023, and to date no Proof of Service of the Summons has been filed.  (Roney Decl., ¶ 4.) Thus, removal is permitted.

**C.     Plaintiffs' Complaint Places More Than $75,000.00 in Controversy.**

15.     In cases in which the existence of diversity jurisdiction depends on the amount in controversy, "the district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy."  *Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1998).

16.     Without conceding that Plaintiff is entitled to or can recover any damages whatsoever, the amount in controversy in this action easily exceeds $75,000.  The failure of the Complaint to specify the total amount of monetary relief sought by Plaintiff does not deprive this Court of jurisdiction.  *See* 28 U.S.C. § 1446(c)(2)(A) (allowing notice of removal to assert the

1   amount in controversy if the initial pleading seeks non-monetary relief or a money judgment and

2   the district court finds that the amount in controversy exceeds $75,000); *White v. J.C. Penney Life*

3   *Ins. Co.*, 861 F. Supp. 25, 26 (S.D. W. Va. 1994) (defendant may remove suit to federal court

4   notwithstanding the failure of plaintiff to plead a specific dollar amount in controversy; if the rules

5   were otherwise, "any plaintiff could avoid removal simply by declining . . . to place a specific

6   dollar value upon its claim").  A defendant need only establish by a preponderance of the evidence

7   that it is more probable than not that the plaintiff's claimed damages exceed the jurisdictional

8   minimum.  *See* 28 U.S.C. § 1446(c)(2)(B); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398,

9   404 (9th Cir. 1997).

10          17.     In determining whether a complaint meets the amount in controversy threshold for

11   removal under 28 U.S.C. § 1332(a), a court may consider the aggregate value of claims for

12   compensatory damages and attorneys' fees.  *See, e.g., Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365,

13   1367 (9th Cir. 1982) (attorneys' fees may be considered to establish jurisdictional amount); *Clark*

14   *v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1168 (6th Cir. 1975) ("It is settled that the statutory

15   penalty and a statutory attorney's fees can be considered in determining whether the jurisdictional

16   amount is met.").

17          18.     The Court must also presume that Plaintiff will prevail on all his claims.  *See*

18   *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal.

19   2002), *citing Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in

20   controversy analysis presumes "plaintiff prevails on liability"), *citing also Angus v. Shiley Inc.,*

21   989 F.2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not measured by the low end of

22   an open-ended claim, but rather by reasonable reading of the value of the rights being litigated").

23   The argument and facts set forth herein may appropriately be considered in determining whether

24   the jurisdictional amount in controversy is satisfied.  *See Cohn v. Petsmart, Inc.*, 281 F.3d 837,

25   843, n.1 (9th Cir. 2002) (*citing Willingham v. Morgan*, 395 U.S. 402, 407 n.3 (1969)).

26          19.     The amount in controversy may include general and special compensatory damages

27   and such attorneys' fees as are recoverable by statute.  *See Galt v. JSS Scandinavia*, 142 F.3d 1150,

28   1155-56 (9th Cir. 1998).  The Court may examine the nature of the action and the relief sought,

DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO NORTHERN DISTRICT OF
CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332 AND 1441 (DIVERSITY)

and may take judicial notice of attorneys' fee awards in similar cases. *See, e.g., Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002) (noting that attorneys' fees in individual employment discrimination cases often exceed damages).

20.     Punitive damages are also included in calculating the amount in controversy. *Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *see also Martinez v. Kirk Xpedx* 2003 US Dist. LEXIS 12657 at *3 (N.D. Cal. 2003) (determination of amount in controversy for complaint alleging FEHA violations could include punitive damages.)

21.     Here, Plaintiff seeks recovery in the form of back and front pay, lost benefits, emotional distress damages, attorneys' fees, costs and interest; and waiting time penalties pursuant to the Labor Code. (Roney Decl., Ex. A, at p. 8.)

22.     Plaintiff alleges that he incurred loss of earnings. (*Id.*) The FEHA provides for successful plaintiffs to receive back pay from the time of the unlawful adverse action until the date of judgment. *See Salas v. Sierra Chemical Co.*, 59 Cal.4th 407, 420 (2014); *Cloud v. Casey*, 76 Cal.App.4th 895, 909 (1999). Moreover, economic damages may also include an award of lost future earnings or "front pay," which is the salary and benefits a plaintiff would have earned from the terminated employment after the time of trial. *Smith v. Brown-Forman Distillers Corp.*, 196 Cal.App.3d 503, 518 (1983). Front pay is generally measured by the employee's projected earnings and benefits over the period of time until she is likely to become reemployed, less mitigation. *Toscano v. Greene Music*, 124 Cal.App.4th 685, 695-97 (2004). California decisions from the Department of Fair Employment and Housing provide for the recovery of future loss of earnings for one or two additional years. *Department of Fair Employment and Housing v. Centennial Bancorp*, FEHA Precedent Decision No. 87-03 (1987).

23.     Based on the Complaint and its prayer for relief, it is clearly more probable than not that Plaintiff seeks damages for lost wages in excess of the jurisdictional requirement of $75,000.00, notwithstanding the fact that the Complaint does not specify the dollar amount of special damages being sought, for the following reasons:

> a)     Generally, Plaintiff alleges that he was employed by Defendant from November 2021 to Masy 25, 2023. (Roney Decl., Ex. A, at ¶¶ 4, 10.)

7

b)    At the time of his termination, Plaintiff was earning $240,000 base salary per year, or $20,000 per month, plus benefits.  (Guan Decl., ¶ 4.)

c)    Plaintiff is seeking back pay.  (Roney Decl., Ex. A, p. 8.)  Based on the above monthly salary, and for the approximately 3 months between Plaintiff's alleged May 25, 2023 employment separation and the date of this Notice of Removal, Plaintiff's alleged back pay is already approximately $60,000.

d)    Plaintiff is also seeking unspecified front pay.  (Roney Decl., Ex. A, p. 8.)  If one assumes one year of front pay, Plaintiff's alleged front pay is $240,000.

e)    Plaintiff's counsel also indicated via email on August 21, 2023 that Plaintiff believes his damages exceed $1,000,000. (Roney Decl., ¶ 6.)[1]

24.    Plaintiff is also seeking to recover compensatory damages for emotional distress. (Roney Decl., Ex. A, p. 8.)  Plaintiff's claim for compensatory damages would exceed the jurisdictional amount.  *See Richmond v. Allstate Ins. Co*., 897 F. Supp. 447, 450 (S.D. Cal. 1995) (in denying remand, court concluded that "[t]he vagueness of plaintiffs' pleadings with regard to emotional distress damages should not preclude this Court from noting that these damages are potentially substantial.")

25.    Accordingly, given the amounts of the potential damages at issue, Plaintiff's allegations satisfy the jurisdictional prerequisite for amount in controversy, as it cannot be said to a legal certainty that Plaintiff would not recover in excess of $75,000 should he prevail.  *See Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010).

26.    For these reasons, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and this action may be removed by Defendant to this Court, pursuant to 28 U.S.C. § 1441 based on diversity jurisdiction.

///

///

///

---

[1] Plaintiff's demand or valuation of his case may be used to establish that the case meets the amount in controversy requirement for diversity jurisdiction.  *See Cohn*, 281 F.3d at 839-40 and n. 2.

DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO NORTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332 AND 1441 (DIVERSITY)

1    **V.      NOTICE TO SUPERIOR COURT AND ADVERSE PARTIES**

2          27.      Promptly after the filing of this Notice of Removal, written notice of the removal

3 will be provided to counsel for Plaintiff and a copy of this Notice of Removal will be filed with

4 the Clerk of the Superior Court of San Mateo.

5          28.      This Notice of Removal is signed by counsel for Defendant pursuant to Federal

6 Rule of Civil Procedure, Rule 11.

7

8 Dated:  August 23, 2023               JACKSON LEWIS P.C.

9

10                        By: _____

11                              Angel R. Sevilla
                                 Kathleen B. Roney

12                              Spencer Ladd

13                              Attorneys for Defendant
                             ROKID, INC.

14

15   4863-6702-2970, v. 3

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO NORTHERN DISTRICT OF
CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332 AND 1441 (DIVERSITY)