# Roney Declaration: Exhibit A

1
2
3
4
5
6

BRYAN J. McCORMACK, Cal. Bar No. 192418
   Email: *bryan@bmcclaw.com*
McCORMACK LAW FIRM
1299 Fourth Street, Suite 505A
San Rafael, CA 94901
Tel:    (415) 925-5161
Fax:   (415) 651-7837

Attorney for Plaintiff
JUN FU

Electronically
**FILED**
by Superior Court of California, County of San Mateo
ON    8/17/2023
By    /s/ Hessen Ladcani
Deputy Clerk

7

8        IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9           IN AND FOR THE COUNTY OF SAN MATEO

10             CIVIL – UNLIMITED JURISDICTION

11

| | |
|---|---|
| 12  JUN FU, an individual, | Case No.  **23-CIV-03872** |
| 13        Plaintiff, | **COMPLAINT FOR DAMAGES** |
| 14        vs. | **(1) WORKPLACE RETALIATION IN VIOLATION OF LABOR CODE SECTION 1102.5** |
| 15  ROKID, INC.; and DOES 1 through 25, | **(2) VIOLATION OF LABOR CODES 233 AND 234 (KIN CARE)** |
| 16  inclusive, | **(3) WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY** |
| 17        Defendants. | **(4) BREACH OF CONTRACT** |
| 18 | **(5) FAILURE TO PAY WAGES AND RELATED PENALTIES PURSUANT TO CALIFORNIA LABOR CODE** |
| 19 | |
| 20 | |
| 21 | JURY TRIAL DEMAND |

22        COMES NOW PLAINTIFF JUN FU (hereinafter "Plaintiff" or "Mr. Fu") and alleges as

23  follows:

24                  **GENERAL ALLEGATIONS**

25        1.     Plaintiff is informed and believes that defendant ROKID, INC. (hereinafter

26  "Rokid") is a California corporation headquartered in San Mateo, California, where it employed

27  Plaintiff.

28        2.     Plaintiff is ignorant of the true names and capacities of the defendants sued herein

- 1 -

COMPLAINT FOR DAMAGES

as DOES 1 through 25 (hereinafter referred to with Rokid as "Defendants"), and therefore sues these defendants by such fictitious names.  Plaintiff will amend this complaint to allege their true names and capacities when ascertained.  Plaintiff is informed and believes and thereon alleges that each of said fictitiously-named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were proximately caused by defendants.

3.       Plaintiff is informed and believes, and based on such information and belief alleges, that at all times herein mentioned, each of the defendants named herein was the agent and employee of the remaining defendants and was acting within the course and scope of said agency and employment.

**FACTUAL ALLEGATIONS**

4.       In November 2021, Rokid hired Mr. Fu as its Vice President of Sales.  Pursuant to a written employment agreement, Rokid agreed to pay Mr. Fu $240,000 per year in base salary.  In addition, Mr. Fu was eligible to receive a $60,000 bonus based on the results of a written annual assessment.  Pursuant to his written employment agreement, Mr. Fu's annual income was $300,000, on the premise that he completed the performance goals required by the company each year.

5.       In approximately January 2023, Mr. Fu received his annual assessment, which was excellent.  As he successfully achieved 133% of his sales quota and completed all performance goals provided to him, he received an A rating which was the highest possible rating.  Based on such, he was entitled to the $60,000 bonus pursuant to the terms of his employment agreement, but Rokid failed to pay the bonus to him

6.       Throughout his employment, Mr. Fu made numerous complaints to his manager about Rokid's illegal practices, including that it sold technology products to Russia in violation of US sanctions against Russia.  Those sanctions prohibited certain technology product exports to Russia and put restrictions on sales to Russia of certain items used in the Oil, Gas and other industries.  Rokid directed Mr. Fu to arrange the transportation to Russia of its augmented reality glasses products, which are used by Oil & Gas producers to improve production efficiency.  Mr.

Fu informed Rokid that he believed these activities were illegal and he refused to participate in them.

7.      On several other occasions during his employment, Rokid instructed Mr. Fu to handle Russian sales that Mr. Fu believes violated the law.  Mr. Fu informed Rokid that such conduct was unlawful, yet Rokid continued its illegal practices.  Mr. Fu refused to partake in Rokid's illegal practices and complained about such to his manager both verbally and in writing. Rokid took no action in response to Mr. Fu's complaints and continued the illegal practices.

8.      In the first quarter of 2023, Rokid asked Mr. Fu to collect money related to the illegally-smuggled products, but Mr. Fu refused to do so.  Around the same time, Mr. Fu's manager informed him that Rokid would pay him commissions in 2023, instead of a bonus, but neither paid him a bonus nor commissions.

9.      From January 2023 to May 2023, Mr. Fu made numerous complaints to his manager about both his unpaid bonus and Rokid's unlawful conduct regarding the sales to Russia, but his manager refused to take action.  On May 12, 2023, Mr. Fu brought up these issues to his manager again, but his manager again ignored his complaints.  As such, on May 13, 2023, Mr. Fu reported Rokid's conduct of unlawfully shipping technology products to Russia to the United States Department of Commerce.

10.      On May 15, 2023, Mr. Fu went out on medical leave and provided a doctor's note to Rokid excusing him from work for the week, which was later extended by another week. However, on May 25, 2023, while Mr. Fu was out on medical leave, Rokid terminated his employment.   Shortly thereafter, Mr. Fu's manager advised Rokid employees that they decided to terminate Mr. Fu due to severe health issues that may impact his work performance.

10.      Although Rokid provided Mr. Fu with his last paycheck, Rokid did not pay him any bonus or commissions owed to him.

### FIRST CAUSE OF ACTION
### WORKPLACE RETALIATION IN VIOLATION OF
### LABOR CODE SECTION 1102.5

11.      Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

12.      Under California Labor Code section 1102.5(b), an employer may not retaliate

against an employee who discloses information "to a government or law enforcement agency, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance . . .  if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation."  Under Labor Code section 1102.5(c), an employer "shall not retaliate against an employee for refusing to participate in an activity that would result in a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation."  Labor Code section 1105 provides a statutory right of action for damages to an injured employee.

13.     Defendants wrongfully and unlawfully retaliated against Plaintiff for complaining about unlawful conduct, as described above.  At the time Plaintiff made the complaints, Plaintiff had reasonable cause to believe his complaints concerned violations of state or federal law, including but not limited to 15 CFR Part 746 – Embargoes and Other Special Controls, as well as the Labor Code.  Defendants' unlawful practices as outlined herein were in direct contravention of Labor Code section 1102.5(b) and (c), as more fully set forth in the preceding paragraphs of this complaint.

14.     As a direct and proximate result of said wrongful conduct by defendant, Plaintiff has been injured as stated in the section below entitled "DAMAGES," which is incorporated herein to the extent pertinent.

### SECOND CAUSE OF ACTION
### VIOLATION OF LABOR CODES 233, 234 AND 246.5 (KIN CARE)

15.     Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

16.     California Labor Code Section 233(c) provides that "[a]n employer shall not deny an employee the right to use sick leave or discharge, threaten to discharge, demote, suspend, or in any manner discriminate against an employee for using, or attempting to exercise the right to use, sick leave to attend to an illness or the preventive care of a family member, or for any other reason specified in subdivision (a) of Section 246.5."  Section 246.5 provides that "an employer shall not deny an employee the right to use accrued sick days, discharge, threaten to discharge, demote,

- 4 -

suspend or in any manner discriminate against an employee for using accrued sick days."

17.    Labor Code Section 234 provides that "[a]n employer's absence control policy that counts sick leave taken pursuant to Section 233 as an absence that may lead to or result in discipline, discharge, demotion, or suspension is a *per se* violation of Section 233.   An employee working under this policy is entitled to appropriate legal and equitable relief pursuant to Section 233."

18.    Defendants violated Sections 233, 234 and 246.5 by terminating Plaintiff for taking accrued sick leave and/or paid time off.

19.    As a direct and proximate result of said wrongful conduct by defendant, Plaintiff has been injured as stated in the section below entitled "DAMAGES," which is incorporated herein to the extent pertinent.

### THIRD CAUSE OF ACTION
### Wrongful Termination In Violation of Public Policy

20.    Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

21.    Defendants' termination of Plaintiff's employment contravened the well-established, fundamental, and substantial public policy of the laws of the United States and California law, as embodied in Labor Code Section 1102.5 and California common law, that an employer may not retaliate against an employee for the employee's disclosure of reasonably-based suspicions of violations of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation.  Defendants' conduct also violated other well-established, fundamental, and substantial public policies of the State of California, including but not limited to Labor Code Section 233, 234 and 246.5.

22.    Defendants terminated Plaintiff's employment because he complained to Defendants about Defendants' unlawful conduct, as described in the preceding paragraphs of this complaint, and because he took sick leave that he was lawfully entitled to take.

23.    Defendants' unlawful practices as outlined herein were in direct contravention of fundamental public policies, as more fully set forth in the preceding paragraphs of this complaint.

24.    As a direct and proximate result of said wrongful conduct by defendant, Plaintiff

has been injured as stated in the section below entitled "DAMAGES," which is incorporated herein to the extent pertinent.

### FOURTH CAUSE OF ACTION
### BREACH OF CONTRACT

25.     Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

26.     Plaintiff has performed all the conditions, covenants, and promises required of him by Defendants to meet the terms and conditions of the written, oral and implied employment agreements between the parties, including the employment agreement.

27.     Defendants breached the agreements by refusing to pay Plaintiff all wages due and payable to him, including but not limited to a $60,000 bonus as provided in his November 17, 2021 employment agreement, which Plaintiff signed on November 18, 2023, and other documents. Defendants also refused to pay Plaintiff commissions which they promised to pay him in 2023.

28.     As a direct and legal result of Defendants' breach of written, oral and implied contract as herein alleged, Plaintiff has suffered, and will continue to suffer, past and future economic losses related to all earnings to which he is entitled under the contract but was not paid, plus consequential damages, all in an amount within this Court's jurisdiction, according to proof at time of trial.

29.     As a direct and proximate result of said wrongful conduct by defendant, Plaintiff has been injured as stated in the section below entitled "DAMAGES," which is incorporated herein to the extent pertinent.

### FIFTH CAUSE OF ACTION
### FAILURE TO PAY WAGES AND RELATED PENALTIES
### IN VIOLATION OF THE CALIFORNIA LABOR CODE
### (SECTIONS 201; 203; 218.5)

30.     Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

31.     During his employment with Defendants, Plaintiff was not paid all wages, including a $60,000 bonus and commissions owed to him pursuant to his employment agreements and other written and verbal communications with Defendants.

32.     Under Labor Code section 201, if an employer "discharges an employee, the wages

earned and unpaid at the time of discharge are due and payable immediately." Labor Code section 203 authorizes an employee to sue for penalties in an amount equal to the former employee's daily wages for up to 30 days if an employer willfully failed to pay any wages due to the employee at the time of separation from employment (or within 72 hours if the employee tenders a resignation).

33.    Defendants failed to pay Plaintiff all of the wages and benefits, to which he was entitled at the time of his employment separation. Defendants' failure to pay Plaintiff wages was willful in nature as set forth in the applicable authority governing Labor Code section 203 and warrants the imposition of the 30-day wage penalty.

34.    In addition, Plaintiff is entitled to recover reasonable attorneys' fees, costs of suit, and interest and penalties on the unpaid amounts pursuant to Labor Code sections 218.5.

35.    As a direct and proximate result of said wrongful conduct by defendant, Plaintiff has been injured as stated in the section below entitled "DAMAGES," which is incorporated herein to the extent pertinent.

## DAMAGES

36.    As a direct and proximate cause of defendants' unlawful acts as set forth in this Complaint, Plaintiff has suffered and continues to suffer special damages including, but not limited to unpaid wages, consequential damages, losses in past earnings, future earnings, deferred compensation, and other employment benefits, all in an amount within the jurisdiction of this Court, according to proof at time of trial.

37.    As a direct and proximate cause of defendants' unlawful acts as set forth in this Complaint, Plaintiff has suffered and continues to suffer humiliation, mental anguish, emotional and physical distress, and has been injured in mind and body, all in an amount within the jurisdiction of this court, according to proof at trial.

38.    As a result of defendants' wrongful and unlawful employment practices, as set forth in the preceding paragraphs of this complaint, Plaintiff is entitled to receive an award of statutory attorneys' fees, expert witness fees, and costs under Labor Code sections 218, 233, 1102.5, and any other appropriate statute or law which provides for attorneys' fees, and hereby requests recovery of his attorneys' fees and costs of suit in an amount according to proof.

39.     Defendants and their managers, officers, owners, supervisors or agents acted oppressively, fraudulently, maliciously and in willful and conscious disregard of Plaintiff's rights, and with the intention of causing, or in reckless disregard of the probability of causing injury and emotional distress to plaintiff.  Defendants were informed of the oppressive, fraudulent and malicious conduct of their employees, managers, officers, supervisors and agents, and ratified, approved and authorized such conduct.  Plaintiff is therefore entitled to an award of punitive damages in amount conforming to proof at trial.

**PRAYER**

**WHEREFORE**, Plaintiff prays for judgment against defendants as follows:

1.     That Plaintiff be awarded appropriate back and future pay, plus all fringe benefits, and other compensation due to Plaintiff as a result of defendants' unlawful employment practices, as alleged above, together with interest at the legal rate.  Said amount exceeds the jurisdictional amount of this Court, the exact amount to be proven at the time of trial; and

2.     That Plaintiff be awarded damages for physical and mental suffering, which Plaintiff has incurred as a result of defendants' actions as alleged above, all in excess of the jurisdictional amount of this Court, the exact amount to be proven at the time of trial; and

3.     That Plaintiff be awarded reasonable attorneys' fees and costs pursuant to Labor Code sections 218, 233, 1102.5, and any other applicable law; and

4.     That Plaintiff be awarded unpaid wages, interest and waiting time penalties pursuant to Labor Code Section 203.

5.     That Plaintiff be awarded pre-judgment and post-judgment interest; and

6.     That Plaintiff be awarded costs of suit; and

7.     For such other and further relief as this Court may deem just and proper.

Date:  August 8, 2023

MCCORMACK LAW FIRM

Bryan J. McCormack, Esq.
Attorney for Plaintiff Jun Fu

- 8 -
COMPLAINT FOR DAMAGES