1  Angel R. Sevilla (State Bar No. 239072)
   Spencer C. Ladd (State Bar No. 340905)
2  JACKSON LEWIS P.C.
3  50 California Street, 9th Floor
   San Francisco, California 94111-4615
4  Telephone:  (415) 394-9400
   Facsimile:   (415) 394-9401
5  E-mail:  Angel.Sevilla@jacksonlewis.com
   E-mail:  Spencer.Ladd@jacksonlewis.com
6
7  Attorneys for Defendant and Counterclaimant
   ROKID, INC.
8
                    UNITED STATES DISTRICT COURT
9
                   NORTHERN DISTRICT OF CALIFORNIA
10

11  JUN FU,                                  Case No.  3:23-cv-04327-LB

12          Plaintiff,

13      v.                                   **DEFENDANT ROKID, INC.'S**
                                             **ANSWER TO PLAINTIFF'S**
14  ROKID, INC.;                             **COMPLAINT AND COUNTERCLAIM**
    DOES 1-100, inclusive,                   **AGAINST PLAINTIFF**
15
16          Defendants.

17                                           State Complaint Filed:  August 17, 2023
                                             Removal Date:  August 23, 2023
18

19
   _____
20
21  ROKID, INC.,

22          Counter-Claimant,

23      v.

24  JUN FU; DOES 1-100, inclusive,

25          Counter-Defendants.

26

27

28
                                    1
   DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIMS
   AGAINST PLAINTIFF                          Case No. 3:23-cv-04327-LB

Defendant ROKID, INC. ("Rokid" or "Defendant"), by and through its undersigned counsel, hereby submits its answer and affirmative defenses to the Complaint for Damages ("Complaint") filed by Plaintiff JUN FU ("Plaintiff"), as follows:

## GENERAL ALLEGATIONS

1.      Answering Paragraph 1 of the Complaint, Rokid admits that it employed Plaintiff and that it is a California corporation. Rokid denies all remaining allegations.

2.      Answering Paragraph 2 of the Complaint, the identities of Doe Defendants are unknown.  Rokid lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 with respect to the Doe Defendants, and, on that basis, they are denied.

3.      Answering Paragraph 3 of the Complaint, Rokid denies all allegations.

## FACTUAL ALLEGATIONS

4.      Answering Paragraph 4 of the Complaint, Rokid admits it hired Plaintiff in November 2021, that his base salary was $240,000, and that Plaintiff was eligible to receive a bonus if he met certain performance criteria.  Rokid denies all remaining allegations in Paragraph 4.

5.      Answering Paragraph 5 of the Complaint, Rokid admits that Plaintiff received an annual assessment in January 2023.  Rokid denies all remaining allegations in Paragraph 5.

6.      Answering Paragraph 6 of the Complaint, Rokid denies that it engaged in the acts and omissions alleged in the Complaint. As to the remaining allegations in Paragraph 6, Rokid lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6, and, on that basis, they are denied.

7.      Answering Paragraph 7 of the Complaint, Rokid denies that it engaged in the acts and omissions alleged in the Complaint. As to the remaining allegations in Paragraph 7, Rokid lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7, and, on that basis, they are denied.

8.      Answering Paragraph 8 of the Complaint, Rokid denies that it engaged in the acts and omissions alleged in the Complaint. As to the remaining allegations in Paragraph 8, Rokid

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIMS
AGAINST PLAINTIFF                                      Case No. 3:23-cv-04327-LB

lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8, and, on that basis, they are denied.

9.      Answering Paragraph 9 of the Complaint, Rokid denies that it engaged in the acts and omissions alleged in the Complaint. As to the remaining allegations in Paragraph 9, Rokid lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9, and, on that basis, they are denied.

10.      Answering Paragraph 10 of the Complaint, Rokid admits it terminated Plaintiff on May 25, 2023. As to the remaining allegations in Paragraph 10, Rokid lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and, on that basis, they are denied.

10.      Answering Paragraph 10 of the Complaint[1], Rokid admits it provided Plaintiff with his last paycheck. As to the remaining allegations in Paragraph 10, Rokid lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, and, on that basis, they are denied.

## FIRST CAUSE OF ACTION

## WORKPLACE RETALIATION IN VIOLATION OF LABOR CODE SECTION 1102.5

11.      Answering Paragraph 11 of the Complaint, Rokid refers to and incorporates herein by reference its responses to all preceding allegations.  Paragraph 11 of the Complaint contains no allegations to admit or deny.

12.      Answering Paragraph 12 of the Complaint, the allegations in Paragraph 12 are conclusions of law that Rokid cannot admit or deny.  To the extent a response may still be required, they are denied.

13.      Answering Paragraph 13 of the Complaint, Rokid denies that it engaged in the acts and conduct alleged in the Complaint.  The remaining allegations in Paragraph 13 are conclusions of law that Rokid cannot admit or deny. To the extent a response may still be required, they are denied.

---

[1] Please note that Paragraph 11 is mislabeled as Paragraph 10 in the Complaint. Defendant's Answer to Plaintiff's Complaint matches Plaintiff's paragraph numbering in the Complaint for ease of comparison.

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIMS
AGAINST PLAINTIFF                                          Case No. 3:23-cv-04327-LB

14.     Answering Paragraph 14 of the Complaint, Rokid denies that Plaintiff suffered damages, as expressed in the "DAMAGES" section of Plaintiff's Complaint and incorporates its response to Paragraphs 37–39 as pertinent.

## SECOND CAUSE OF ACTION

### VIOLATION OF LABOR CODES 233, 234, AND 246.5 (KIN CARE)

15.     Answering Paragraph 15 of the Complaint, Rokid refers to and incorporates herein by reference its responses to all preceding allegations.  Paragraph 15 of the Complaint contains no allegations to admit or deny.

16.     Answering Paragraph 16 of the Complaint, the allegations in Paragraph 16 are conclusions of law that Rokid cannot admit or deny.  To the extent a response may still be required, they are denied.

17.     Answering Paragraph 17 of the Complaint, the allegations in Paragraph 17 are conclusions of law that Rokid cannot admit or deny.  To the extent a response may still be required, they are denied.

18.     Answering Paragraph 18 of the Complaint, the allegations in Paragraph 18 are conclusions of law that Rokid cannot admit or deny.  To the extent a response may still be required, they are denied.

19.     Answering Paragraph 19 of the Complaint, Rokid denies that Plaintiff suffered damages, as expressed in the "DAMAGES" section of Plaintiff's Complaint and incorporates its response to Paragraphs 37–39 as pertinent.

## THIRD CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

20.     Answering Paragraph 20 of the Complaint, Rokid refers to and incorporates herein by reference its responses to all preceding allegations.  Paragraph 20 of the Complaint contains no allegations to admit or deny.

21.     Answering Paragraph 21 of the Complaint, the allegations in Paragraph 21 are conclusions of law that Rokid cannot admit or deny.  To the extent a response may still be required, they are denied.

4

22.     Answering Paragraph 22 of the Complaint, Rokid denies all allegations.

23.     Answering Paragraph 23 of the Complaint, the allegations in Paragraph 23 are conclusions of law that Rokid cannot admit or deny.  To the extent a response may still be required, they are denied.

24.     Answering Paragraph 24 of the Complaint, Rokid denies that Plaintiff suffered damages, as expressed in the "DAMAGES" section of Plaintiff's Complaint and incorporates its response to Paragraphs 37–39 as pertinent.

## FOURTH CAUSE OF ACTION

### BREACH OF CONTRACT

25.     Answering Paragraph 25 of the Complaint, Rokid refers to and incorporates herein by reference its responses to all preceding allegations.  Paragraph 25 of the Complaint contains no allegations to admit or deny.

26.     Answering Paragraph 26 of the Complaint, Rokid denies all allegations.

27.     Answering Paragraph 27 of the Complaint, the allegations in Paragraph 27 are conclusions of law that Rokid cannot admit or deny.  To the extent a response may still be required, they are denied.

28.     Answering Paragraph 28 of the Complaint, the allegations in Paragraph 28 are conclusions of law that Rokid cannot admit or deny.  To the extent a response may still be required, they are denied.

29.     Answering Paragraph 29 of the Complaint, Rokid denies that Plaintiff suffered damages, as expressed in the "DAMAGES" section of Plaintiff's Complaint and incorporates its response to Paragraphs 37–39 as pertinent.

## FIFTH CAUSE OF ACTION

### FAILURE TO PAY WAGES AND RELATED PENALTIES IN VIOLATION OF THE

### CALIFORNIA LABOR CODE (SECTIONS 201; 203; 218.5)

30.     Answering Paragraph 30 of the Complaint, Rokid refers to and incorporates herein by reference its responses to all preceding allegations.  Paragraph 30 of the Complaint contains no allegations to admit or deny.

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIMS
AGAINST PLAINTIFF                                    Case No. 3:23-cv-04327-LB

31.     Answering Paragraph 31 of the Complaint, Rokid denies all allegations.

32.     Answering Paragraph 32 of the Complaint, the allegations in Paragraph 32 are conclusions of law that Rokid cannot admit or deny.  To the extent a response may still be required, they are denied.

33.     Answering Paragraph 33 of the Complaint, Rokid denies that it engaged in the acts and omissions alleged in the Complaint. As to the remaining allegations in Paragraph 33, they are conclusions of law that Rokid cannot admit or deny.  To the extent a response may still be required, they are denied.

34.     Answering Paragraph 34 of the Complaint, the allegations in Paragraph 34 are conclusions of law that Rokid cannot admit or deny.  To the extent a response may still be required, they are denied.

35.     Answering Paragraph 35 of the Complaint, Rokid denies that Plaintiff suffered damages, as expressed in the "DAMAGES" section of Plaintiff's Complaint and incorporates its response to Paragraphs 37–39 as pertinent.

## DAMAGES

36.     Answering Paragraph 36 of the Complaint, Rokid denies that Plaintiff is entitled to damages, including unpaid wages, consequential damages, losses in past earnings, future earnings, deferred compensation, and other employment benefits.

37.     Answering Paragraph 37 of the Complaint, Rokid lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37, and, on that basis, they are denied.

38.     Answering Paragraph 38 of the Complaint, the allegations in Paragraph 38 are conclusions of law that Rokid cannot admit or deny.  To the extent a response may still be required, they are denied.

39.     Answering Paragraph 39 of the Complaint, Rokid denies all allegations.

/ / /

/ / /

/ / /

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIMS
AGAINST PLAINTIFF                                  Case No. 3:23-cv-04327-LB

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>ANSWER TO PRAYER FOR RELIEF</u>

1.      Rokid denies that Plaintiff is entitled to "appropriate back and future pay, plus all fringe benefits, and other compensation" set forth in Paragraph 1 in the Prayer for Relief in Plaintiff's Complaint.

2.      Rokid denies that Plaintiff is entitled to "damages for physical and mental suffering" set forth in Paragraph 2 in the Prayer for Relief in Plaintiff's Complaint.

3.      Rokid denies that Plaintiff is entitled to "loss of earnings" set forth in Paragraph 3 in the Prayer for Relief in Plaintiff's Complaint.

4.      Rokid denies that Plaintiff is entitled to "reasonable attorneys' fees and costs pursuant to Labor Code section 218, 233, 1102.5, and any other applicable law" set forth in Paragraph 4 in the Prayer for Relief in Plaintiff's Complaint.

5.      Rokid denies that Plaintiff is entitled to "pre-judgment and post-judgment interest" set forth in Paragraph 5 in the Prayer for Relief in Plaintiff's Complaint.

6.      Rokid denies that Plaintiff is entitled to "costs of suit" set forth in Paragraph 6 in the Prayer for Relief in Plaintiff's Complaint.

7.      Rokid denies that Plaintiff is entitled to "other and further relief" set forth in Paragraph 11 in the Prayer for Relief in Plaintiff's Complaint.

## <u>AFFIRMATIVE DEFENSES</u>

Rokid asserts the following affirmative defenses.  Rokid reserves the right to amend this answer for purposes of asserting such additional affirmative defenses that become available or appear during discovery in this action.

**1.  <u>Failure to state a claim</u>:** The Complaint, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Rokid upon which relief may be granted.

**2.  <u>Statute of limitations</u>:** The Complaint, and each purported cause of action alleged therein, is barred by the applicable statute of limitations, including, but not limited to, the California Code of Civil Procedure sections 203(b), 210, 335.1, 337(a), 338(a), 339, 340(a), and 343.

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIMS
AGAINST PLAINTIFF                                                                Case No. 3:23-cv-04327-LB

3. **Same decision:** The Complaint, and each purported cause of action alleged therein, are barred because, assuming *arguendo* that retaliatory reasons had been a motivating factor in any employment decisions involving Plaintiff, Rokid would have made the same employment decisions for legitimate, non-retaliatory business reasons.

4. **Avoidable consequences:** The Complaint, and each purported cause of action alleged therein, is barred because Rokid exercised reasonable care to prevent and correct any alleged retaliatory and/or unlawful behavior based on Plaintiff's alleged complaints, and Plaintiff unreasonably failed to avail himself of the internal preventive or corrective remedies provided by Rokid to prevent and to otherwise avoid such harm.

5. **Offset:** If Plaintiff is entitled to any recovery for damages in this action, Rokid is entitled to an offset for any amounts Plaintiff received from Rokid that he did not earn or for which he failed to satisfy the conditions subsequent, or any amounts that Plaintiff received from any other source, by virtue of, but not limited to, the doctrine prohibiting double recovery as set forth in *Witt v. Jackson* (1961) 57 Cal.2d 57 and its progeny.

6. **Workers' compensation preemption:** The Complaint, and each purported cause of action alleged therein, is barred by the exclusive remedy provided by the California Workers' Compensation Act, codified at Labor Code sections 3200, *et seq.*

7. **After-acquired evidence:** To the extent discovery discloses information that could serve as a basis for the termination of Plaintiff's employment, Plaintiff is barred from recovery by the doctrine of after-acquired evidence.

8. **Equitable doctrines:** The Complaint, and each purported cause of action alleged therein, is barred under the equitable doctrines of consent, waiver, estoppel, laches, and unclean hands.

9. **Comparative fault:** The Complaint, and each purported cause of action alleged therein, is barred in whole or in part by virtue of Plaintiff's comparative fault.

10. **Failure to mitigate:** The Complaint, and each purported cause of action alleged therein, is barred because Plaintiff failed to exercise reasonable diligence to mitigate his alleged damages.

**11. <u>Waiver and Release</u>**: To the extent discovery discloses information that could serve as a basis for this defense, Plaintiff's claims are barred, in whole or in part, to the extent such claims have been waived, discharged, and/or abandoned.

**12. <u>Accord, Satisfaction, and Payment</u>**:  To the extent discovery discloses information that could serve as a basis for this defense, Plaintiff's claims are barred, in whole or in part, by the principles of accord and satisfaction, and payment.

**13. <u>No Willful Violation / Good Faith Dispute:</u>**  To the extent Plaintiff seeks penalties for any alleged willful failure to comply with the requirements of the California Labor Code, including Labor Code section 203, such penalties are barred because Defendant did not willfully violate any provision of the California Labor Code, and good faith disputes exist concerning any alleged violations.

**14. <u>Penalties Unjust, Arbitrary, or Confiscatory</u>**:  Plaintiff is not entitled to recover any civil penalties because, under the circumstances of this case, any such recovery would be unjust, arbitrary, oppressive, and confiscatory.

**15. <u>Laches:</u>** Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in that Plaintiff was guilty of laches and unreasonable delay in bringing this action and in asserting any claim for relief against Defendant.  The laches and unreasonable delay were without good cause and have substantially prejudiced Defendant because damages may have unnecessarily increased during the delay.  Furthermore, certain types of evidence in defense of Plaintiff's allegations may have become difficult or impossible to obtain.

## <u>COUNTERCLAIM AGAINST PLAINTIFF JUN FU</u>

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

Defendant and Counter-Claimant ROKID, INC. ("Rokid") hereby asserts the following claims against Plaintiff and Counter-Defendant JUN FU ("Fu") and alleges as follows:

### <u>THE PARTIES</u>

1. Rokid, Inc. is a California corporation headquartered in Redwood City, California.

2. Rokid is informed and believes, and thereon alleges, that Fu is an individual residing in Woodbury, Minnesota.

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIMS
AGAINST PLAINTIFF                              Case No. 3:23-cv-04327-LB

3.      The true names and capacities, whether individual, corporate, associate or otherwise, of Counter-Defendants ROES 1-100, inclusive, are unknown to Rokid, who therefore sues these Counter-Defendants by their fictitious names.  Rokid is informed and believes, and thereon alleges, that each of the Counter-Defendants designated as a fictitiously named counter-defendant is in some manner responsible for the events and happenings referred to, either contractually or tortiously, and caused the damage to Rokid alleged.  When Rokid ascertains the true names and capacities of ROES 1-100, inclusive, it will ask leave of this Court to amend its Counterclaim by setting forth the same.

## JURISDICTION AND VENUE

4.      This Court has diversity jurisdiction under 28 U.S.C. § 1332 because  Rokid is incorporated in and has its principal place of business in California, Fu is a resident of Minnesota, and the amount in controversy exceeds $75,000. This Court also has supplemental jurisdiction over Rokid's claims under 28 U.S.C. § 1367 because they arise out of the same common nuclei of operative facts as Fu's federal complaint.

5.      Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) and (2) because Rokid resides in this District and a substantial part of the events or omissions giving rise to Rokid's claims occurred in this District.

## FACTUAL ALLEGATIONS

**A. Fu Became Employed by Rokid and Signed an Employment Agreement with a Confidentiality Agreement.**

6.      Rokid specializes in the research and product development of mixed reality, artificial intelligence, and other smart products.

7.      Fu worked for Rokid as its Vice President of Sales from approximately November 2021 until on or about May 25, 2023.

8.      As Rokid's Vice President of Sales, Fu had access to Rokid's substantial trade secrets, including but not limited to Rokid's customer list with contact information for each of Rokid's customers.

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIMS
AGAINST PLAINTIFF                                    Case No. 3:23-cv-04327-LB

9.     On November 18, 2021, Fu signed his employment agreement ("Agreement") to become Rokid's Vice President of Sales.

10.    Pursuant to section 9 of the Agreement ("Section 9"), Fu agreed to not divulge or otherwise use any of Rokid's trade secrets both during and after his employment, except in connection with the proper discharge of his duties.

**B. Following the End of Fu's Employment with Rokid, Rokid Learned that Fu Misappropriated Highly Valuable Trade Secrets.**

11.    Rokid terminated Fu's employment on or around May 25, 2023.

12.    Rokid is informed and believes, and based thereon alleges, that following his termination, Fu improperly and deliberately retained Rokid's trade secrets in the form of Rokid's customer lists and customer contacts, which also contained Rokid's customers emails and cellphone numbers, ("Trade Secrets") in violation of the Agreement.

13.    The Trade Secrets include, among other things, the emails and cellphone numbers for Rokid's customer contacts.

14.    Fu would not have these individuals' contact information but for his employment at Rokid, where he had access to the company's password protected Customer Relationship Management ("CRM") system.

15.    Rokid is informed and believes, and based thereon alleges, that Fu is using the Trade Secrets to damage Rokid's business by, among other things, informing Rokid's customers that Rokid's product called the X-Craft, Model RX101, is not "Atex" certified.

16.    "Atex" certification refers to European Union Directive 2014/34/EU which covers, among other items, equipment and protective systems intended for use in potentially explosive atmospheres. If a product is Atex certified, it means that a notified body (*i.e.*, an organization designated by the European Union to conduct assessment procedures) has fully tested product and has approved it to be safe to use in hazardous or explosive atmospheres. Approved products will receive a "EU-Type Examination Certificate" affirming that the product complies with the essential health and safety requirements of European Union Directive 2014/34/EU.

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIMS
AGAINST PLAINTIFF                              Case No. 3:23-cv-04327-LB

17.     Failure to comply with the Atex certification process can result in serious consequences, including hefty fines and even "criminal penalties for serious infringements." (European Union Directive 2014/34/EU, Article 40.)

18.     Rokid is in possession of the Atex certificate certifying that the X-Craft, Model RX101 is Atex certified.

19.     Rokid is informed and believes, and based thereon alleges, that Fu is aware that Rokid's product, the X-Craft, Model RX101, is Atex certified.

20.     Rokid is informed and believes, and based thereon alleges, that Fu, through his unlawful retention of Rokid's Trade Secrets, has falsely informed Rokid's customers that the X-Craft, Model RX101, is not Atex certified.

21.     Rokid is informed and believes, and based thereon alleges, that Fu's false statements to Rokid's customers decreases the value of Rokid's good will and puts Rokid at danger of losing current and future business with its customers if the customers believe that Rokid's products are not approved for use in countries subject to European Union Directive 2014/34/EU.

22.     On June 19, 2023, counsel for Rokid sent Fu a letter by email and express mail notifying Fu that (1) Rokid knew that he had improperly and deliberately retained Rokid's Trade Secretsand (2) that Fu was using the Trade Secrets to falsely tell 'Rokid's customers that Rokid's product is not Atex certified. Rokid demanded that Fu provide a full accounting of Rokid's documents or information he retained after his employment, contact Rokid to arrange for a return of this information, and provide written assurances that would no longer use the Trade Secrets he obtained in the course of his employment.

23.     To date, Fu has not returned the Trade Secrets to Rokid.

**FIRST COUNTERCLAIM FOR RELIEF**

**(Misappropriation of Trade Secrets in Violation of the Defend Trade Secrets Act)**

**(Against Fu and DOES 1-100)**

24.     Rokid realleges and incorporates by reference each and every foregoing paragraph of this Counterclaim as if set forth in full.

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIMS
AGAINST PLAINTIFF                                    Case No. 3:23-cv-04327-LB

25.     Rokid is informed and believes, and thereon alleges, that Fu misappropriated Rokid's Trade Secrets as described above.

26.     The Trade Secrets were related to Rokid's internal customer lists and customer contacts that it had curated through the course of its business which Rokid has used in, or intends use in, interstate commerce.

27.     The Trade Secrets are also protected as "non-public" information under federal securities Regulation S-P. 17 C.F.R. § 248(t)(1); 17 C.F.R. § 248.3(u). Accordingly, Rokid is required by federal statute to ensure that non-public customer contact, financial, and account information is not disclosed to third parties without consent. 17 C.F.R. § 248.10.

28.     The Trade Secrets derive independent economic value by not being accessible, through proper means, to competitors which can profit from its use or disclosure. The identities of (and other information concerning) Rokid's customers and their contact information are not readily available to the public or to Rokid's competitors. Rokid has spent significant sums, in terms of both financial and human resources, to develop and maintain this information, which is of great value to any competitor.

29.     This information is not known outside Rokid, is known only by Rokid employees and others involved in the business, is subject to reasonable measures to guard the secrecy of the information, including technology, policies, and written agreements, and is difficult for others to properly acquire or independently duplicate.

30.     Fu knew that he had a duty to maintain the secrecy of Rokid's trade secrets.

31.     Fu's actions constitute actual, threatened and continuing misappropriation in violation of the DTSA.

32.     Rokid has suffered damages and irreparable harm as a result of Fu's breaches of the DTSA.

33.     Rokid is entitled to recover actual damages.

34.     Rokid's damages cannot be adequately compensated through remedies at law alone, thereby requiring equitable and compensatory relief.  Fu's actions will continue to cause irreparable harm and damages to Rokid if not restrained.

35.     Rokid is informed and believes, and thereon alleges, that Fu's misappropriation of its trade secrets has been willful and malicious entitling Rokid to an award of its reasonable attorneys' fees and exemplary damages.

36.     Unless Fu is preliminarily and permanently enjoined from the foregoing conduct, Rokid will be irreparably harmed by:

a.     Disclosure of trade secrets  that are solely the property of Rokid;

b.     Use of Rokid's trade secrets to solicit customers and to disparage Rokid's product(s) in an attempt to convince Rokid customers to transfer their business away from Rokid;

c.     Loss of confidentiality of clients' records, loss of confidence and trust of clients, loss of goodwill, and loss of business reputation; and

d.     Potential future economic loss, which is presently incalculable.

37.     Thus, Rokid is entitled to preliminary injunctive relief, restitution, compensatory and exemplary damages, and reasonable attorneys' fees pursuant to 18 U.S.C. § 1836.

**SECOND COUNTERCLAIM FOR RELIEF**

**(Misappropriation of Trade Secrets in Violation of California Uniform Trade Secrets Act)**

**(Against Fu and DOES 1-100)**

38.     Rokid realleges and incorporates by reference each and every foregoing paragraph of this Counterclaim as if set forth in full.

39.     Rokid possesses trade secrets as defined by California's Uniform Trade Secrets Act, Civil Code sections 3426-3426.11, as described above.

40.     The Trade Secrets derive independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use.

41.     Rokid has taken reasonable measures to maintain the secrecy of the trade secrets, including but not limited to maintaining the information in a password-protected format and requiring Fu and other employees to agree in writing to keep such information confidential.

42.     Rokid is informed and believes, and thereon alleges, that Fu has misappropriated and threatens to further misappropriate the trade secrets by (i) acquiring Rokid trade secrets with

14

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIMS
AGAINST PLAINTIFF                                      Case No. 3:23-cv-04327-LB

1   knowledge or reason to know that the trade secrets were acquired by improper means; (ii)

2   disclosing, using, and threatening to use the trade secrets, which he acquired by improper means,

3   without Rokid's express or implied consent; (iii) disclosing, using, and threatening to use the trade

4   secrets without Rokid's consent with knowledge or reason to know that the trade secrets

5   proprietary to Rokid; (iv) and soliciting or attempting to solicit Rokid customers by use of the trade

6   secrets.

7        43.    Rokid is informed and believes, and thereon alleges, that it has suffered damages,

8   and Fu has been unjustly enriched, as a direct result of his trade secret misappropriation.

9        44.    Rokid is informed and believes, and thereon alleges, that Fu's trade secrets

10   misappropriation has caused and continues to cause Rokid irreparable injury and cannot be fully

11   redressed through damages alone.  An injunction prohibiting Fu from further use or disclosure of

12   Rokid trade secrets, and requiring the return thereof to Rokid, is necessary to provide Rokid with

13   complete relief.

14        45.    Rokid is informed and believes, and thereon alleges, that Fu's misappropriation of

15   its trade secrets has been willful and malicious entitling Rokid to an award of its reasonable

16   attorneys' fees under Civil Code section 3426.4 and exemplary damages under Civil Code section

17   3426.3(c).

18                           **<u>THIRD COUNTERCLAIM FOR RELIEF</u>**

19                                    **(Defamation)**

20                              **(Against Fu and DOES 1-100)**

21        46.    Rokid realleges and incorporates by reference each and every foregoing paragraph

22   of this Counterclaim as if set forth in full.

23        47.    Fu's publications to Rokid's customers, and any other unknown third parties, that

24   Rokid's X-Craft, Model RX101, is not Atex certified is false.

25        48.    Such false statements by Fu have been and/or are being made knowingly and with

26   malicious intent because Fu knows, by virtue of Rokid's June 19, 2023, letter to Rokid that the X-

27   Craft, Model RX101 is Atex certified.

28

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIMS
AGAINST PLAINTIFF                                    Case No. 3:23-cv-04327-LB

49.    As a proximate result of the above-described publications, Rokid has suffered loss of its reputation, to its general damage, and damage to its business and trade.

50.    The above-described publications were published by Fu with malice, oppression or fraud, and thus Rokid seeks an award of punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Rokid prays for judgment against Fu as follows:

1. For a temporary restraining order and preliminary and permanent injunction against Fu and his agents, employees, representatives, and those acting in concert:

    a. From any further use or disclosure of Rokid's Trade Secrets defined customer lists and customers contacts, which also contained Rokid's customers emails and cellphone numbers;

    b. From soliciting any of Rokid's customers whose information is contained in the Trade Secrets;

    c. From performing services for any already-solicited Rokid customers whose information is contained in the Trade Secrets;

    d. To return to Rokid all materials constituting or embodying Rokid's Trade Secrets, in whatever form or format, including, without limitation, hard copies and electronic data;

    e. From destroying, erasing, or otherwise making unavailable for further proceedings in this matter, any records or documents (including data or information maintained in computer files or other electronic storage media) that relate to the claims in this case; and

    f. From any further use or disclosure of Rokid's Trade Secrets.

2. For general and special damages, plus pre-judgment and post-judgment interest thereon at the legal rate until paid in full;

3. For punitive and exemplary damages, plus pre-judgment and post-judgment interest thereon at the legal rate until paid in full;

4. For costs of suit;

16

1    5.   For its reasonable attorneys' fees; and

2    6.   For such other and further relief as the Court may deem just and proper.

3

4                          **<u>DEMAND FOR JURY TRIAL</u>**

5          Rokid  hereby demands a trial by jury, to the extent authorized by law.

6

7    Dated:  October 20, 2023                         JACKSON LEWIS P.C.

8

9                                              By:  /s/ Spencer C. Ladd
                                                    Angel R. Sevilla
10                                                   Spencer C. Ladd
                                                    Attorneys for Defendant
11                                                   ROKID, INC.

12

13   4883-5762-9309

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIMS
AGAINST PLAINTIFF                              Case No. 3:23-cv-04327-LB