BRYAN J. McCORMACK, Cal. Bar No. 192418
  Email: bryan@bmcclaw.com
MCCORMACK LAW FIRM
1299 Fourth Street, Suite 505A
San Rafael, CA 94901
Tel:   (415) 925-5161
Fax:   (415) 651-7837

Attorney for Plaintiff
JUN FU

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUN FU, an individual,<br><br>          Plaintiff,<br><br>     vs.<br><br>ROKID, INC.; and DOES 1 through 25, inclusive,<br><br>          Defendants. | Case No.  3:23-cv-04327-LB<br><br>**PLAINTIFF AND COUNTER-DEFENDANT JUN FU'S ANSWER TO DEFENDANT ROKID, INC.'S COUNTERCLAIM** |
| ROKID, INC.,<br><br>          Counterclaimant,<br><br>     vs.<br><br>JUN FU; DOES 1-100, inclusive,<br><br>          Counter-Defendants | |

Counter-Defendant Jun Fu ("Fu" or "Counter-Defendant") answers the Counterclaim [Dkt. 11] filed by Defendant and Counterclaimant Rokid, Inc. ("Rokid" or "Counterclaimant") on October 20, 2023, by admitting, denying, and alleging as follows:

**THE PARTIES**

1.   Fu lacks knowledge or information sufficient to form a belief as to the truth of the

- 1 -

allegations of paragraph 1 of the Counterclaim and on that basis denies those allegations.

2. Fu admits the allegations of paragraph 2 of the Counterclaim.

3. Fu lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Counterclaim and on that basis denies those allegations.

## JURISDICTION AND VENUE

4. Answering the allegations of paragraph 4 of the Counterclaim, Fu admits that he is a resident of Minnesota. Fu denies the allegations that the amount in controversy exceeds $75,000 and that Rokid's counterclaims arise out of the same common nuclei of operative facts as Fu's federal complaint. Fu lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 4 of the Counterclaim and on that basis denies those allegations.

5. Fu lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the Counterclaim and on that basis denies those allegations.

## FACTUAL ALLEGATIONS

6. Fu admits the allegations in paragraph 6 of the Counterclaim.

7. Fu admits the allegations in paragraph 7 of the Counterclaim.

8. Answering the allegations of paragraph 8 of the Counterclaim, Fu admits that he was Rokid's Vice President of Sales. Fu denies all remaining allegations of paragraph 8.

9. Fu admits the allegations in paragraph 9 of the Counterclaim.

10. Fu admits the allegations in paragraph 10 of the Counterclaim.

11. Fu admits the allegations in paragraph 11 of the Counterclaim.

12. Fu denies each and every allegation of paragraph 12 of the Counterclaim.

13. Fu denies each and every allegation of paragraph 13 of the Counterclaim.

14. Fu denies each and every allegation of paragraph 14 of the Counterclaim.

15. Fu denies each and every allegation of paragraph 15 of the Counterclaim.

16. To the extent that Paragraph 16 purports to be a statement of law, Fu states that this paragraph neither requires nor permits a response. To the extent that an answer may be deemed necessary, Fu responds that the statute referenced in Paragraph 16 the Counterclaim speaks for

itself and therefore neither admits nor denies the statement of law in this paragraph. Fu denies each and every factual allegation, to the extent that Counterclaimant makes any factual allegations, in Paragraph 16 of the Counterclaim.

17. To the extent that Paragraph 17 purports to be a statement of law, Fu states that this paragraph neither requires nor permits a response. To the extent that an answer may be deemed necessary, Fu responds that the statute referenced in Paragraph 17 the Counterclaim speaks for itself and therefore neither admits nor denies the statement of law in this paragraph. Fu denies each and every factual allegation, to the extent that Counterclaimant makes any factual allegations, in Paragraph 17 of the Counterclaim.

18. Fu lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Counterclaim and on that basis denies those allegations.

19. Fu denies each and every allegation of paragraph 19 of the Counterclaim.

20. Fu denies each and every allegation of paragraph 20 of the Counterclaim.

21. Fu denies each and every allegation of paragraph 21 of the Counterclaim.

22. Answering the allegations of paragraph 22 of the Counterclaim, Fu admits that he received a letter from Rokid's attorney dated June 19, 2023 making the allegations and demands described in this paragraph. Fu denies all remaining allegations of paragraph 22.

23. Fu denies each and every allegation of paragraph 23 of the Counterclaim.

**FIRST COUNTERCLAIM FOR RELIEF**
**(Misappropriation of Trade Secrets in Violation of the Defend Trade Secrets Act)**
**(Against Fu and DOES 1-100)**

24. Fu incorporates by reference the responses contained in each of the preceding paragraphs as if fully set forth herein. Paragraph 24 of the Counterclaim does not otherwise require a response.

25. Fu denies each and every allegation of paragraph 25 of the Counterclaim.

26. Fu denies each and every allegation of paragraph 26 of the Counterclaim.

27. To the extent that Paragraph 27 purports to be a statement of law, Fu states that this paragraph neither requires nor permits a response. To the extent that an answer may be deemed

necessary, Fu responds that the statute referenced in Paragraph 27 of the Counterclaim speaks for itself and therefore neither admits nor denies the statement of law in this paragraph. Fu denies each and every factual allegation, to the extent that Counterclaimant makes any factual allegations, in Paragraph 27 of the Counterclaim.

28. Fu denies each and every allegation of paragraph 28 of the Counterclaim.

29. Fu denies each and every allegation of paragraph 29 of the Counterclaim.

30. Answering the allegations of paragraph 30 of the Counterclaim, Fu admits that he had a duty to protect Rokid, Inc's trade secrets. Fu denies all remaining allegations of paragraph 30.

31. Fu denies each and every allegation of paragraph 31 of the Counterclaim.

32. Fu denies each and every allegation of paragraph 32 of the Counterclaim.

33. Fu denies each and every allegation of paragraph 33 of the Counterclaim.

34. Fu denies each and every allegation of paragraph 34 of the Counterclaim.

35. Fu denies each and every allegation of paragraph 35 of the Counterclaim.

36. Fu denies each and every allegation of paragraph 36 of the Counterclaim.

37. Fu denies each and every allegation of paragraph 37 of the Counterclaim.

**SECOND COUNTERCLAIM FOR RELIEF**
**(Misappropriation of Trade Secrets in Violation of California Uniform Trade Secrets Act) (Against Fu and DOES 1-100)**

38. Fu incorporates by reference the responses contained in each of the preceding paragraphs as if fully set forth herein. Paragraph 38 of the Counterclaim does not otherwise require a response.

39. Fu lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 of the Counterclaim and on that basis denies those allegations.

40. Fu lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 of the Counterclaim and on that basis denies those allegations.

41. Fu lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 of the Counterclaim and on that basis denies those allegations.

42. Fu denies each and every allegation of paragraph 42 of the Counterclaim.

43. Fu denies each and every allegation of paragraph 43 of the Counterclaim.

44. Fu denies each and every allegation of paragraph 44 of the Counterclaim.

45. Fu denies each and every allegation of paragraph 45 of the Counterclaim.

**THIRD COUNTERCLAIM FOR RELIEF**
**(Defamation)**
**(Against Fu and DOES 1-100)**

46. Fu incorporates by reference the responses contained in each of the preceding paragraphs as if fully set forth herein. Paragraph 46 of the Counterclaim does not otherwise require a response.

47. Fu denies each and every allegation of paragraph 47 of the Counterclaim.

48. Fu denies each and every allegation of paragraph 48 of the Counterclaim.

49. Fu denies each and every allegation of paragraph 49 of the Counterclaim.

50. Fu denies each and every allegation of paragraph 50 of the Counterclaim.

**PRAYER FOR RELIEF**

No answer is required to Counterclaimant's prayer, which merely sets forth the relief sought by Counterclaimant. To the extent that an answer is required, Fu denies each and every one of the allegations and alleged entitlement to relief set forth within Counterclaimant's prayer.

**AFFIRMATIVE DEFENSES**

**FIRST SEPARATE AND AFFIRMATIVE DEFENSE**
**(Failure to State a Cause of Action)**

51. Neither the Counterclaim nor any purported cause of action alleged therein states facts sufficient to constitute a cause of action upon which relief may be granted against Counter-Defendant.

**SECOND SEPARATE AND AFFIRMATIVE DEFENSE**
**(Waiver)**

52. The Counterclaim each cause of action set forth therein are barred by the doctrine of waiver.

**THIRD SEPARATE AND AFFIRMATIVE DEFENSE**
**(Consent)**

53. The Counterclaim and each purported cause of action alleged therein are barred to the extent Counterclaimant consented to, actively participated in, approved of, ratified or acquiesced in the conduct, or all of the above, which it now alleges constitutes their causes of action.

### FOURTH SEPARATE AND AFFIRMATIVE DEFENSE
### (Justification)

54. The Counterclaim and each cause of action set forth therein are barred by the doctrine of justification.

### FIFTH SEPARATE AND AFFIRMATIVE DEFENSE
### (Estoppel)

55. The Counterclaim and each cause of action set forth therein are barred by the doctrine of estoppel.

### SIXTH SEPARATE AND AFFIRMATIVE DEFENSE
### (Laches)

56. The Counterclaim and each cause of action set forth therein are barred by the doctrine of laches.

### SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE
### (Unclean Hands)

57. The Counterclaim and each cause of action set forth therein are barred by the doctrine of unclean hands.

### EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE
### (Duress)

58. The Counterclaim and each cause of action set forth therein are barred by the doctrine of duress.

### NINTH SEPARATE AND AFFIRMATIVE DEFENSE
### (Uncertainty)

59. The Counterclaim and each cause of action set forth therein are uncertain.

### TENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

60. The Counterclaim and each cause of action therein are barred by any and all applicable statutes of limitation.

### ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE
### (Speculative Damages)

61. Counterclaimant cannot recover any of the damages alleged in the Counterclaim because such damages, if any, are too speculative to be recoverable by law.

### TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE
### (Comparative Fault/Bad Faith)

62. Counterclaimant acted negligently and/or in bad faith with respect to the matters alleged in the Counterclaim and are otherwise at fault. By reason of Counterclaimant's negligence, bad faith and/or comparative fault, Counterclaimant's right of recovery, if any, should be reduced by that amount which the negligence, bad faith, and fault of persons and entities other than Counter-Defendant, including Counterclaimant, contributed to any damages.

### THIRTEENTH SEPARATE AND AFFIRMATIVE DEFENSE
### (Good Faith Conduct)

63. Counterclaimant's claims are barred, in whole or in part, because Counter-Defendant's alleged acts or omissions, if any, were in good faith and with reasonable belief that the alleged acts or omissions, if any, were not a violation of any applicable law.

### FOURTEENTH SEPARATE AND AFFIRMATIVE DEFENSE
### (Setoff, Offset, Recoupment)

64. Some or all of Counterclaimant's claims in the Counterclaim are subject to setoff, offset, and/or recoupment.

### FIFTEENTH SEPARATE AND AFFIRMATIVE DEFENSE
### (Lack of Standing)

65. The Counterclaim and each purported cause of action alleged therein are barred because Counterclaimant lacks standing to assert the causes of action alleged in its Counterclaim.

### SIXTEENTH SEPARATE AND AFFIRMATIVE DEFENSE
### (No Damages)

- 7 -

JUN FU'S ANSWER TO ROKID INC.'S COUNTERCLAIM
FU V. ROKID INC., ET AL., CASE NO. 3:23-CV-04327-LB

66. The Counterclaim and each purported cause of action alleged therein and any damage allegedly suffered by Counterclaimant was not the result of any act or omission of Counter-Defendant.

### SEVENTEENTH SEPARATE AND AFFIRMATIVE DEFENSE
(No Basis for Recovery of Attorneys' Fees)

67. Counterclaimant is not entitled to any award of attorneys' fees on the claims asserted in its Counterclaim as there is no statutory, contractual or other basis for recovery of attorneys' fees in this action.

### EIGHTEENTH SEPARATE AND AFFIRMATIVE DEFENSE
(Failure to Mitigate)

68. The Counterclaim and each purported cause of action alleged therein are barred from recovery, in whole or in part, by reason of Counterclaimant's failure to mitigate damages.

### NINETEENTH SEPARATE AND AFFIRMATIVE DEFENSE
(Prevention of Performance)

69. Counter-Defendant has fully performed all of the conditions and covenants required of him, except those excused or prevented by Counterclaimant.

### TWENTIETH SEPARATE AND AFFIRMATIVE DEFENSE
(Prior Breach by Counterclaimant)

70. The Counterclaim, and each cause of action therein, is barred by virtue of Counterclaimant's own material breach of the contract.

### TWENTY-FIRST SEPARATE AND AFFIRMATIVE DEFENSE
(Statute of Frauds)

71. The Counterclaim, and each cause of action therein, is barred by the statute of frauds.

### TWENTY-SECOND SEPARATE AND AFFIRMATIVE DEFENSE
(No Basis for Punitive Damages)

72. Counterclaimant fails to state facts sufficient to justify an award of punitive damages against Counter-Defendant.

**TWENTY-THIRD SEPARATE AND AFFIRMATIVE DEFENSE**
**(Lack of Causal Relationship)**

73.     Counterclaimant may not recover any damages sought herein because there is no causal relationship between the alleged wrongdoing and the injuries, if any, allegedly suffered by Counterclaimant.

**TWENTY-FOURTH SEPARATE AND AFFIRMATIVE DEFENSE**
**(Contributory or Comparative Negligence)**

74.     Counterclaimant was negligent or otherwise at fault in and about the matters alleged in the Counterclaim. Said negligence or other fault of Counterclaimant was the sole and/or partial legal cause of Counterclaimant's injuries and/or damages herein, if any there were.

**TWENTY- FIFTH SEPARATE AND AFFIRMATIVE DEFENSE**
**(Third Party Liability)**

75.     Counterclaimant's damages were caused solely and exclusively by acts, omissions and/or actions which were solely and exclusively the liability and responsibility of persons or entities other than Counter-Defendant, and for which the answering Counter-Defendant is not responsible or liable.

**TWENTY- SIXTH SEPARATE AND AFFIRMATIVE DEFENSE**
**(No Basis for Injunctive Relief)**

76.     Counterclaimant has an adequate remedy at law. Thus, injunctive and/or declaratory relief is inappropriate.

**TWENTY- SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE**
**(Misconduct by Counterclaimant)**

77.     Any failure by Counter-Defendant to perform obligations under the contract resulted from Counterclaimant's own misconduct.

**TWENTY- EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE**
**(Failure to State a Claim – Trade Secrets)**

78.     The Counterclaim, and each cause of action therein, fails to state facts sufficient to constitute a cause of action against this answering Counter-Defendant because Counterclaimant

has not and cannot establish the existence of a trade secret under California or Federal law. The claims against Counter-Defendant depend, in whole or in part, upon the existence of trade secrets, which have not been properly defined by Counterclaimant with reasonable particularity. Moreover, the allegations about Counterclaimant's trade secrets are insufficient to establish the existence of information that is not readily ascertainable; not generally known to one skilled in the trade; and derives economic value from its being kept secret and/or are insufficient with respect any efforts to keep such information secret.

## TWENTY-NINTH SEPARATE AND AFFIRMATIVE DEFENSE
### (Bad Faith and Frivolous Litigation)

79. Counterclaimant's claims against Counter-Defendant are asserted in bad faith, and are frivolous, unreasonable and without foundation. Counter-Defendant is therefore entitled to an award of costs and expenses of litigation, including reasonable attorney's fees.

## RESERVATION OF RIGHT TO AMEND ANSWER

Counter-Defendant hereby gives notice that he intends to rely on such other further defenses as may become available during discovery in this action. Counter-Defendant hereby reserves the right to amend his response to the Counterclaim to assert any such defenses.

## PRAYER

WHEREFORE, Counter-Defendant prays for judgment as follows:

1. That judgment is entered in favor of Counter-Defendant and against Counterclaimant on all causes of action;

2. That the Counterclaim be dismissed with prejudice in its entirety;

3. That Counterclaimant takes nothing by reason of the Counterclaim;

4. That Counter-Defendant be awarded his costs of defending against the Counterclaim and reasonable attorneys' fees to the extent permitted by law; and

5. For such other relief as the Court deems proper.

\\\

\\\

\\\

Date: November 13, 2023

MCCORMACK LAW FIRM

/s/ Bryan J. McCormack
by Bryan J. McCormack, Esq.
Attorney for Plaintiff Jun Fu