1  *Counsel Caption on the Following Page*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUN FU,<br><br>           Plaintiff,<br><br>     v.<br><br>ROKID, INC.; DOES 1-100, inclusive,<br><br>           Defendants. | Case No.  3:23-cv-04327 (LB)<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER**<br><br>Date:     November 30, 2023<br>Time:    11:00 a.m.<br>Venue:  Zoom, Courtroom 11, 9th Floor<br>Judge:   Honorable Laurel Beeler<br><br>State Complaint Filed:  August 17, 2023<br>Removal Date:  August 23, 2023<br>Trial Date:  None Set |
| ROKID, INC.,<br><br>           Counter-Claimant,<br><br>     v.<br><br>JUN FU; DOES 1-100, inclusive,<br><br>           Counter-Defendants. | |

Bryan J. McCormack (State Bar No. 192418)
MCCORMACK LAW FIRM
1299 Fourth Street, Suite 505A
San Rafael, California 94901-3031
Telephone: (415) 925-5161
Facsimile: (415) 461-3900
E-mail: bryan@bmcclaw.com

Attorneys for Plaintiff and Counter-Defendant
JUN FU

Angel R. Sevilla (State Bar No. 239072)
Spencer C. Ladd (State Bar No. 340905)
JACKSON LEWIS P.C.
50 California Street, 9th Floor
San Francisco, California 94111-4615
Telephone: (415) 394-9400
Facsimile: (415) 394-9401
E-mail: Angel.Sevilla@jacksonlewis.com
E-mail: Spencer.Ladd@jacksonlewis.com

Attorneys for Defendant and Counter-Claimant
ROKID, INC.

Plaintiff and Counter-Defendant JUN FU ("Plaintiff") and Defendant and Counter-Claimant, ROKID, INC. ("Rokid" or "Defendant") submit the following **Joint Initial Case Management Conference Statement** pursuant to the Honorable Court's August 24, 2023 Case Management Conference Scheduling Order (ECF No. 6), Federal Rule of Civil Procedure 26(f) and the Standing Order for All Judges of the Northern District of California.

**1.    JURISDICTION AND SERVICE**: *The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding persona jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.*

This Court has jurisdiction over Plaintiff's claim under diversity jurisdiction pursuant to 28 U.S.C. § 1332, because the case is a civil action between citizens of different states, and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. Defendant has been served. There are no issues regarding personal jurisdiction or venue and there are no parties that remain to be served.

**2.    FACTS**: *A brief chronology of the facts and a statement of the principal factual issues in dispute.*

**A. Plaintiff / Counter-Defendant's Statement**

Plaintiff alleges that he was fired in retaliation for complaining about Defendant's unlawful conduct, including that it sold technology products to Russia in violation of US sanctions against Russia, and because Plaintiff took medical leave. In addition, Plaintiff alleges that Defendant failed to pay Plaintiff a $60,000 performance bonus after Plaintiff achieved all goals required for the payment of such bonus.

Plaintiff denies that it engaged in any wrongdoing related to Defendant's counter-claim. Plaintiff has repeatedly informed Defendant that he has not retained any of Defendant's confidential information or trade secrets and thus has nothing to return.

**B. Defendant / Counter-Claimant's Statement**

Rokid unequivocally denies Plaintiff's claims. Plaintiff had no reasonable basis to believe or suspect that Rokid was engaged in illegal activities. Plaintiff did not communicate

1  complaints of illegal conduct to Rokid, nor did Plaintiff convey his medical condition to Rokid
2  prior to his termination. Rokid terminated Plaintiff's employment for legitimate, non-retaliatory
3  reasons due to his poor performance.
4  　　　　After his employment, Fu improperly and deliberately retained Rokid's customer lists
5  and customer contacts, which are Rokid's trade secrets, and which contained Rokid's customers
6  emails and cellphone numbers. Fu has refused to return Rokid's materials he improperly retained.
7  He used and continues to use the Trade Secrets to damage Rokid's business by, among other things,
8  informing Rokid's customers that Rokid's product called the X-Craft, Model RX101, is not "Atex"
9  certified.
10  　　　　**3.**　　**LEGAL ISSUES**: *A brief statement, without extended legal argument, of the*
11  *disputed points of law, including reference to specific statutes and decisions.*
12  　　　　Plaintiff's lawsuit alleges five claims: (1) Retaliation in violation of California Labor
13  Code Section 1102.5; (2) Violation of California Labor Codes 233 and 234; (3) Wrongful
14  Termination in Violation of Public Policy; (4) Breach of Contract; and (5) Failure to Pay Wages
15  and Penalties under the California Labor Code.
16  　　　　Rokid's counter-claims alleges three claims: (1) Misappropriation of Trade Secrets in
17  violation of the Defend Trade Secrets Act; (2) Misappropriation of Trade Secrets in violation of
18  the California Uniform Trade Secrets Act; and (3) Defamation.
19  　　　　**4.**　　**MOTIONS**: *All prior and pending motions, their current status, and any*
20  *anticipated motions.*
21  　　　There are no prior or pending motions before the Court. Both parties reserve their right to
22  file a motion for summary judgment and/or partial summary judgment after completing discovery.
23  The Parties reserve all rights to bring all appropriate future motions. The Parties will submit a
24  Protective Order to preserve the confidentiality of documents exchanged in discovery.
25  　　　　**5.**　　**AMENDMENT OF PLEADINGS**: *The extent to which parties, claims, or*
26  *defenses are expected to be added or dismissed and a proposed deadline for amending the*
27  *pleadings.*
28  ///

1  The Parties do not anticipate any further amendments to the pleadings. However, Plaintiff
2  reserves his rights to do so.

3  **6.     EVIDENCE PRESERVATION**: *A brief report certifying that the parties have*
4  *reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI*
5  *Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P.*
6  *26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the*
7  *issues reasonably evident in this action. See ESI Guidelines 2.01 and 2.02, and Checklist for ESI*
8  *Meet and Confer.*

9  The Parties certify that they have reviewed the Guidelines Relating to the Discovery of
10 Electronically Stored Information, and they have taken all necessary steps to preserve evidence,
11 including electronically stored data.

12 **7.     DISCLOSURES**: *Whether there has been full and timely compliance with the*
13 *initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.*
14 *For ADA and employment cases, see General Order Nos. 56 and 71.*

15 The Parties are in the process of exchanging Initial Disclosures pursuant to FRCP 26. The
16 Parties have conferred and have agreed to exchange Initial Disclosures by December 15, 2023.

17 **8.     DISCOVERY**: *Discovery taken to date, if any, the scope of anticipated discovery,*
18 *any proposed limitations or modifications of the discovery rules, a brief report on whether the*
19 *parties have considered entering into a stipulated e-discovery order, a proposed discovery plan*
20 *pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.*

21 Rokid has served initial written discovery requests to Plaintiff. The Parties anticipate that
22 they will need the following discovery to the extent allowed by the Federal Rules of Civil
23 Procedure:
24     i)   interrogatories, requests for production of documents and things, requests
25          for admission, etc.;
26     ii)  depositions of each of the Parties as well as certain third-party witnesses;
27     iii) third-party discovery, including subpoenas for documents and inspection.
28 ///


**9.    CLASS ACTIONS**: *If a class action, a proposal for how and when the class will be certified.*

This is not a class action.

**10.    RELATED CASES**: *Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.*

To the Parties' knowledge, there are no related cases.

**11.    RELIEF**: *All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.*

Plaintiff prays for relief as described in his Complaint: unpaid wages, consequential damages, losses in past earnings, future earnings, deferred compensation and other employment benefits, emotional distress, punitive damages, and statutory attorneys' fees under Labor Code Sections 218, 233, 1102.5 and other appropriate statute or law which provides for attorneys' fees. Defendant denies that Plaintiff is eligible for any relief and reserves the right to seek costs of litigation against Plaintiff should Defendant prevail.

Rokid is seeking the following relief: (1) for a temporary restraining order and preliminary and permanent injunction barring Fu (a) from any further use or disclosure of Rokid's Trade Secrets, including customer lists and customers contacts; (b) from soliciting any of Rokid's customers whose information is contained in the Trade Secrets; (c) from performing services for any already-solicited Rokid customers whose information is contained in the Trade Secrets; (d) to return to Rokid all materials constituting or embodying Rokid's Trade Secrets, in whatever form or format, including, without limitation, hard copies and electronic data; and (e) from any further use or disclosure of Rokid's Trade Secrets. Rokid is also seeking to recover general and special damages, plus pre-judgment and post-judgment interest thereon at the legal rate until paid in full; for punitive and exemplary damages, plus pre-judgment and post-judgment interest thereon at the legal rate until paid in full; for costs of suit; attorneys' fees; and for such other and further relief as the Court may deem just and proper. Plaintiff denies that Defendant is eligible for any relief and

1  reserves the right to seek costs of litigation against Defendant should Plaintiff prevail.

2        **12.**    **SETTLEMENT AND ADR**: *Prospects for settlement, ADR efforts to date, and a*
3  *specific ADR plan for the case, including which ADR process option the parties have selected and*
4  *a proposed deadline, or if the parties do not agree, each party's preferred option and timing, in*
5  *compliance with ADR L.R. 3-5. In addition, the parties should include a description of key*
6  *discovery or motions necessary to position the parties to negotiate a resolution.*

7        The Parties have engaged in pre-suit negotiations. At this time, the Parties have not agreed
8  to a specific form of ADR. The Parties will confer regarding participating in a settlement
9  conference or court mediation after some discovery has been completed. In accordance with the
10 Court's August 24, 2023 Order (ECF No. 6), Rokid has filed its ADR Certification on November
11 9, 2023. Plaintiff will file Plaintiff's ADR Certification before the Case Management Conference..

12       **13.**    **CONSENT TO A MAGISTRATE JUDGE FOR ALL PURPOSES**: *Whether*
13 *all parties will consent to have a magistrate judge conduct all further proceedings including trial*
14 *and entry of judgment.*

15       The Parties consent to have the Honorable Magistrate Judge conduct all further
16 proceedings including trial and entry of judgment. (*See* ECF Nos. 8 & 10).

17       **14.**    **OTHER REFERENCES**: *Whether the case is suitable for reference to binding*
18 *arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.*

19       The Parties agree that this case is not suitable for reference to binding arbitration, a special
20 master, or the Judicial Panel on Multidistrict Litigation.

21       **15.**    **NARROWING OF ISSUES**: *Issues that can be narrowed by agreement or by*
22 *motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or*
23 *stipulated facts), and any request to bifurcate issues, claims, or defenses.*

24       The Parties agree that there is no narrowing of issues at this time.

25       **16.**    **EXPEDITED TRIAL PROCEDURE**: *Whether this is the type of case that can*
26 *be handled under the Expedited Trial Procedure of General Order 64, Attachment A. If all parties*
27 *agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a*
28 *Joint Expedited Case Management Statement, in accordance with General Order No. 64,*

*Attachments B and D.*

The Parties are not aware of any means to expedite or streamline the process at this time.

**17.    SCHEDULING**: *Proposed dates for completion of initial ADR session, designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.*

The Parties request the following pre-trial and trial dates be set as follows and as agreeable with the Court's schedule:

| Event | Proposed Date |
| --- | --- |
| Initial Disclosures (Rule 26; General Order No. 71) | December 15, 2023 |
| Fact Discovery Cut Off | September 20, 2024 |
| Deadline for Filing Non-Dispositive Discovery Related Motions | October 4, 2024 |
| Dispositive Motion Filing Deadline | November 1, 2024 |
| Dispositive Motion Hearing Date | December 12, 2024 |
| Expert Disclosures/Reports | December 15, 2024 |
| Rebuttal Expert Disclosures/Reports | December 30, 2024 |
| Close of Expert Discovery | January 15, 2024 |
| Final Pre-Trial Conference | January 27, 2025 |
| Trial Date | February 10, 2025 |

**18.    TRIAL**: *Whether the case will be tried to a jury or to the court and the expected length of the trial.*

Plaintiff requests trial by jury. Defendant would prefer a bench trial lasting five days in length.

**19.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES/PERSONS**: *Whether each party has filed the "Certification of Interested Entities or Persons" required by*

*Civil Local Rule 3-15. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.*

Defendant filed its "Certification of Interested Entities or Persons" August 23, 2023 (ECF No. 3). Plaintiff will file his "Certification of Interested Entities or Persons" before the Case Management Conference.

**20.    PROFESSIONAL CONDUCT**: *Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.*

The attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.    OTHER**:    *Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.*

The Parties are unaware of any matters that may facilitate the just, speedy, and inexpensive disposition of this matter.

Dated:  November 22, 2023                              JACKSON LEWIS P.C.

By:  /s/ Angel R. Sevilla
Angel R. Sevilla
Spencer C. Ladd
Attorneys for Defendant and Counter-Claimant
ROKID, INC.

*Counsel for Plaintiff, Bryan J. McCormack, authorized submission of his e-signature on this document in writing, by e-mail dated November 21, 2023 at 1:33 PM

Dated:  November 22, 2023                              MCCORMACK LAW FIRM

By:  /s/ Bryan J. McCormack
Bryan J. McCormack
Attorneys for Plaintiff and Counter-Defendant
JUN FU