November 8, 2024

**VIA CM/EFT**

Hon. Laurel Beeler
United States Magistrate Judge
U.S. District Court for the Northern District of California
San Jose Courthouse, Courtroom 5 – 4th Floor
450 Golden Gate Ave.
San Francisco, CA 94102

      Re:    *Fu v. Rokid, Inc., et al*
                N.D. Cal. Case No. 3:23-cv-04327-LB

Dear Judge Beeler:

**1.    Joint Explanation of the Nature and Status of the Dispute**

Pursuant to this Court's Standing Order, Plaintiff and counter-defendant Jun Fu ("Plaintiff") and Defendant and counter-claimant Rokid, Inc. ("Defendant") hereby submit the following Joint Statement regarding (1) Defendant's written responses to Plaintiff's Special Interrogatories, Set Two and (2) Defendant's "Competitive Confidential – Attorneys' Eyes Only" designations.

**2.    Each Party's Description of the Unresolved Issues and Positions (ROG 22)**

    **A.    Plaintiff's Position**

Plaintiff alleges that he successfully achieved his sales quota and achieved a $60,000 bonus, but that Defendant failed to pay it to him. Defendant denies these claims and argues that Plaintiff fell short of the sales required to earn the bonus.

To investigate this claim, Plaintiff propounded interrogatory No. 22 asking Defendant Rokid, Inc. to "State the amount of sales **you** contend Jun Fu achieved in each of the years 2022 and 2023." Rather than simply state what the two numbers are as the interrogatory requests, Defendant has served increasingly incoherent supplemental responses pointing to documents it produced. (**Exhibit A**). After reviewing those documents, Plaintiff still has no idea what Defendant contends Plaintiff's sales were in 2022 and 2023. To further exacerbate this matter, Defendant answers the question by referring to documents it marked as "attorney eyes only," so Plaintiff's counsel is unable to get Mr. Jun's assistance in analyzing these documents. Defendant's refusal to simply answer this basic question is obstructive and vexatious.

Where answering an interrogatory by referring to documents, the response must be "in sufficient detail to enable the interrogating party to locate and identify them *as readily as the responding party could*" (*Laryngeal Mask Co. v. AMBU A/S*, 2009 U.S. Dist. LEXIS 133152, at *11 (S.D. Cal. Feb. 13, 2009) [citing *The Rutter Group* California Practice Guide ¶11:1757]) Plaintiff cannot interpret the response or calculate the number, and Defendant must therefore be ordered to simply answer the interrogatory by stating the amounts of sales it contends Plaintiff made in each year 2022 and 2023.

### B. Defendant's Position

Plaintiff argues that Defendant's response to ROG 22 is improper because it references Excel sheets without providing a complete total. However, this mischaracterizes Defendant's response. Defendant did not merely reference the Excel sheets; instead, Defendant provided explicit instructions on how to calculate the final figures using the data within them.

For 2022, the sales data includes amounts in different currencies. Defendant did not provide a single total because different parties may use different exchange rates. In addition, Defendant cannot simply sum all the RMB transactions and perform a one-time conversion to USD because exchange rates fluctuate daily, and each transaction date likely has a different applicable rate. To avoid confusion or potential disputes over the appropriate exchange rate, Defendant left the conversion to Plaintiff by responding: "Each sale amount is listed in Column J. However, these amounts cannot simply be summed, as they may be in different currencies. The currency for each sale is indicated in Column F, specified as either RMB or USD. If the amount is in RMB, it must first be converted to USD using the appropriate exchange rate. Once converted, the USD amounts in Column J can be summed to calculate the total sales amount in USD for the sales team supervised by the Plaintiff." Ex. A at 8. Defendant's approach complies with Rule 33(d), which allows a party to reference business records when the burden of calculation is equal for both sides.

For 2023, Defendant directly provided the total sales figures in its response to ROG 1. This number has been explicitly referenced in Guan Declaration attached Defendant's Summary Judgment Motion. *See* Guan Decl., Dkt 64-1, ¶ 19.

### C. Each Party's Proposed Compromise

#### i. Plaintiff's Position

Defendant must serve an amended response to Interrogatory No. 22 that states the amount of sales it contends Plaintiff was responsible for in 2022 and 2023.

#### ii. Defendant's Position

For 2023, Plaintiff can refer directly to Defendant's Response to ROG. 1. For 2022, Plaintiff should either perform their own currency conversion, unless parties can reach a stipulation on an average exchange rate in 2022.

## 3. Each Party's Description of the Unresolved Issues and Positions ("Competitive Confidential – Attorneys' Eyes Only" Designation)

### A. Plaintiff's Position

Defendants have produced 7,452 pages of evidence marked "Attorney eyes only" in their entirety. Plaintiff believes the documents either have no trade-secrets at all, or that only part of the document should be marked "eyes-only," as permitted in the protective order (See ECF #58

[5.1 … "The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order."). Subject to the Protective Order , Plaintiff has sent two meet-and-confer letters on this subject (**Exhibit B**). On November 8th, the parties conferred by phone over the eyes-only designations as well as Interrogatory No. 22, but were unable to reach agreement.

After the call, Defendant agreed to de-designate 17 of the 7,452 pages. However, Defendant maintains "Attorney Eyes Only" designation of all of the spreadsheets that it references in response to Interrogatory No. 22 so that Plaintiff's counsel cannot even ask his client for help in interpreting the spreadsheets (which are extremely confusing). Nor can Jun Fu validate whether Defendant accounted for all his sales and customers. This situation will become untenable as the case moves closer to trial.

Obviously it is not possible to summarize the contents of the 7,452 pages marked "eyes-only" in this letter. Defendant has only indicated in vague generalities the reasons it alleges these documents all include "sensitive commercial details such as specific terms, sales figures, and customer demands, etc." In fact, the many are probably of little importance. But many others pertain to Plaintiff's whistleblower allegations, the Defendant's counterclaims against Plaintiff or other case issues. As Defendant produced 6,586 pages marked "eyes-only" *last week*, Plaintiff's counsel has not been able to review them all in detail to assess the validity of the claim.

The overuse of the "eyes-only" designation is vexatious and prejudicial to Plaintiff to the extent he cannot examine his own sales records related to his unpaid sales bonus, or evidence that might relate to his whistleblower claims.

  B.  **Defendant's Position**

In Plaintiff's meet and confer letter dated October 24, 2024, Plaintiff raised concerns regarding Defendant's "Competitive Confidential – Attorneys' Eyes Only" designation of the following documents: ROKID_JUNFU Bates Nos. 698-699, 1918-1937, 1942-1962, 1963-1978, 1979-2633, 3736, 8202, 8477-8478, 8502, 8514-8624. These documents include excel sheets listing Defendant's individual sales history to particular clients, the signed agreements with various Defendant's customers, as well as bank account numbers.

Plaintiff's request to remove this designation and gain direct access to these documents poses a significant risk of further misuse and competitive harm. Plaintiff is already operating a competing business, and the confidential information at issue contains highly sensitive data that would give him an undue advantage in targeting Defendant's clients, undercutting pricing, and developing strategic sales tactics. Given that Plaintiff has engaged in the theft of trade secrets and is now in a direct competitive position, allowing him access to this information would only exacerbate the damage and undermine the integrity of the litigation process.

Moreover, Plaintiff's history of misconduct, including evidence spoliation and concealment of the full extent of the stolen information, raises serious concerns about his ability to handle this sensitive data appropriately. Defendant still lacks a complete understanding of what specific

information Plaintiff has misappropriated due to his destruction of evidence and lack of transparency during discovery. Providing him with direct access to additional confidential information would not only fill gaps in his knowledge but also risk further spoliation or misuse, compounding the harm already inflicted on Defendant's business. Maintaining the AEO designation is critical to protect against these foreseeable risks, particularly given Plaintiff's established pattern of bad faith conduct.

AEO designation is a standard and necessary mechanism in trade secret litigation to safeguard confidential information from parties with direct competitive interests. The Revised Stipulated Protective Order allows Defendant to make such designation for documents "if disclosed to a competitor or other third parties, could result in competitive harm or disadvantage." Dkt 59 at 2.

Plaintiff's legal counsel already has access to the documents and can provide necessary legal analysis without disclosing the specific contents to Plaintiff himself. Until the full scope of Plaintiff's misappropriation is clarified and the issues related to evidence destruction are resolved, lifting the AEO designation would be premature and inappropriate. Thus, Defendant files this letter brief according to the Revised Stipulated Protective Order § 6.3 to maintain its AEO designation.

### C. Each Party's Proposed Compromise

#### i. Plaintiff's Position

Defendant should be ordered to remove the "eyes-only" designation on the spreadsheets it identified in response to Interrogatory No. 22 Defendant should also be ordered to amend its response to that interrogatory to clearly state the sales figures responsive to the request.

In addition, Defendant must identify with specificity the exact information it claims is trade secret on each page it marked "eyes-only," as well as its basis for making this claim—in order to enable the parties to narrow down the number of pages that are in dispute.

#### ii. Defendant's Position

Upon further review, Defendant agrees to modify the designation of the following documents from "Attorney's Eyes Only" to "Confidential": ROKID_JUN FU_008514, ROKID_JUN FU_008515, ROKID_JUN FU_008516, ROKID_JUN FU_008517, ROKID_JUN FU_008518, ROKID_JUN FU_008519, ROKID_JUN FU_008520, ROKID_JUN FU_008543, ROKID_JUN FU_008565, ROKID_JUN FU_008567, ROKID_JUN FU_008576, ROKID_JUN FU_008579, ROKID_JUN FU_008580, ROKID_JUN FU_008581, ROKID_JUN FU_008616, ROKID_JUN FU_008617, ROKID_JUN FU_008618. For the remaining documents, Defendant will only consider adjusting the AEO designation after the Court has ruled on the two concurrently filed letter briefs regarding Plaintiff's evidence spoliation and failure to respond to trade secret-related discovery requests.

Respectfully submitted,

| | |
|---|---|
| /s/  Sean Li | /s/ Bryan J. McCormack |
| Sean Li | Bryan J. McCormack |
| Counsel for Defendant | Counsel for Plaintiff |
| Rokid, Inc. | Jun Fu |

# EXHIBIT A

Ziyong (Sean) Li (CA 289696)
Steven M. Selna (CA 133409)
Rachel Chatman (CA 206775)
Benesch, Friedlander, Coplan & Aronoff LLP
100 Pine Street, Suite 3100
San Francisco, California 94111
Telephone:   628.600.2250
Facsimile:    628.221.5828
sli@beneschlaw.com
sselna@beneschlaw.com
rchatman@beneschlaw.com

Attorneys for Defendant/Counter-Claimant
ROKID, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUN FU,<br><br>             Plaintiff,<br><br>   v.<br><br>ROKID, INC.; Does 1-100, inclusive,<br><br>             Defendants.<br><br>ROKID, INC.,<br><br>             Counter-Claimant,<br><br>   v.<br><br>JUN FU; DOES 1-100, inclusive,<br><br>             Counter-Defendants. | Case No. 3:23-cv-04327-LB<br><br>**DEFENDANT/COUNTER-CLAIMANT ROKID, INC.'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET TWO**<br><br>State Compl. Filed:  August 17, 2023<br>Removal Date:      August 23, 2023<br>Trial Date:           March 3, 2025 |

PROPOUNDING PARTY:    Plaintiff/Counter Defendant JUN FU

RESPONDING PARTY:      Defendant/Counter Claimant ROKID, INC.

SET NO.:                        TWO (2)

**SPECIAL INTERROGATORY NO. 21:**

Identify the customers Jun Fu was responsible for in each of the years 2022 and 2023.

**RESPONSE TO SPECIAL INTERROGATORY NO. 21:**

Subject to and without waiving the objections above, Defendant responds pursuant to Rule 33(d) of the Federal Rules of Civil Procedure as follows: Lists of customers for 2022 and 2023 are provided in Excel documents ROKID_JUN FU_001918, ROKID_JUN FU_001919, ROKID_JUN FU_001921, ROKID_JUN FU_001922, ROKID_JUN FU_001924, ROKID_JUN FU_001925, ROKID_JUNFU_001926, ROKID_JUN FU_001927, ROKID_JUN FU_001930, ROKID_JUN FU_001931, ROKID_JUN FU_001932, ROKID_JUN FU_001933, ROKID_JUN FU_001936, ROKID_JUN FU_001937.

Discovery is ongoing, and Defendant will supplement this response if additional information becomes available.

**FIRST SUPPLEMENTAL RESPONSE TO SPECIAL INTERROGATORY NO. 21:**

Defendant objects to the use of the term "responsible" in this interrogatory. While employed by Defendant, Plaintiff supervised a sales team and shared responsibility with that team. To the extent that this interrogatory seeks information regarding the customers managed by the sales team under Plaintiff's supervision, Defendant responds as follows:

Defendant supplements to this interrogatory response in accordance with Rule 33(d) by referencing the document produced under Bates number ROKID_JUN FU_009331, specifically identifying all customers listed in Column C during Plaintiff's period of employment with Defendant.

**SPECIAL INTERROGATORY NO. 22:**

State the amount of sales **you** contend Jun Fu achieved in each of the years 2022 and 2023.

**RESPONSE TO SPECIAL INTERROGATORY NO. 22:**

Defendant objects to this interrogatory on the grounds that it is vague, overly broad, and unduly burdensome. Defendant further objects to the term "sales" as vague, as it does not specify what milestone or criteria constitutes a sale. Additionally, the request seeks information that may be protected by confidentiality agreements with third parties. Defendant further objects to the extent that the information sought requires detailed analysis of business records, which is burdensome and may not yield accurate or

7

complete information based on available records.

Subject to and without waiving the objections above, Defendant responds pursuant to Rule 33(d) of the Federal Rules of Civil Procedure as follows: Sales for 2022 and 2023 are provided in Excel documents ROKID_JUN FU_001918, ROKID_JUN FU_001919, ROKID_JUN FU_001921, ROKID_JUN FU_001922, ROKID_JUN FU_001924, ROKID_JUN FU_001925, ROKID_JUN FU_001926, ROKID_JUN FU_001927, ROKID_JUN FU_001930, ROKID_JUN FU_001931, ROKID_JUN FU_001932, ROKID_JUN FU_001933, ROKID_JUN FU_001936, ROKID_JUN FU_001937; see also ROKID_JUN FU_001908 – ROKID_JUN FU_001911.

Discovery is ongoing, and Defendant will supplement this response if additional information becomes available.

**FIRST SUPPLEMENTAL RESPONSE TO SPECIAL INTERROGATORY NO. 22:**

Defendant objects to the use of the phrase "Jun Fu achieved" in this interrogatory. While employed by Defendant, Plaintiff supervised a sales team and shared responsibility with that team. To the extent that this interrogatory seeks information regarding the achievement of the sales team under Plaintiff's supervision, Defendant responds as follows:

For the year 2022, Defendant supplements this interrogatory response in accordance with Rule 33(d) by referencing the document produced under Bates number ROKID_JUN FU_001918. Each sale amount is listed in Column J. However, these amounts cannot simply be summed, as they may be in different currencies. The currency for each sale is indicated in Column F, specified as either RMB or USD. If the amount is in RMB, it must first be converted to USD using the appropriate exchange rate. Once converted, the USD amounts in Column J can be summed to calculate the total sales amount in USD for the sales team supervised by the Plaintiff.

For the year 2023, Defendant supplements this interrogatory response in accordance with Rule 33(d) by referencing the documents produced under Bates number ROKID_JUN FU_001930, ROKID_JUN FU_001926, ROKID_JUN FU_001932, ROKID_JUN FU_001921, ROKID_JUN FU_001936. Each of these five Excel sheets corresponds to one of the first five months of 2023, prior to the Plaintiff's departure. Similarly, each sale amount is listed in Column J. However, these amounts cannot simply be summed, as they may be in different currencies. The currency for each sale is indicated in

Column F, specified as either RMB or USD. If the amount is in RMB, it must first be converted to USD using the appropriate exchange rate. Once converted, the USD amounts in Column J can be summed to calculate the total sales amount in USD for the sales team supervised by the Plaintiff.

**SPECIAL INTERROGATORY NO. 23:**

Identify the writings or ESI on which your computations of the sales figures referenced in Interrogatory No. 22 were based.

**RESPONSE TO SPECIAL INTERROGATORY NO. 23:**

Defendant objects to this interrogatory on the basis that it is unduly burdensome and seeks information that is not proportional to the needs of the case. Further, it seeks electronically stored information (ESI) without sufficient limitation as to scope, potentially requiring an extensive review of voluminous records. Defendant also objects to the extent that the request may encompass information subject to attorney-client privilege or the work product doctrine.

Subject to and without waiving the objections above, Defendant responds as follows: The sales figures mentioned in Interrogatory No. 22 are based on ROKID_JUN FU_001918, ROKID_JUN FU_001919, ROKID_JUN FU_001921, ROKID_JUN FU_001922, ROKID_JUN FU_001924, ROKID_JUN FU_001925, ROKID_JUN FU_001926, ROKID_JUN FU_001927, ROKID_JUN FU_001930, ROKID_JUN FU_001931, ROKID_JUN FU_001932, ROKID_JUN FU_001933, ROKID_JUN FU_001936, ROKID_JUN FU_001937, ROKID_JUN FU_001908, ROKID_JUN FU_001909, ROKID_JUN FU_001910, ROKID_JUN FU_001911.

//
//
//
//
//
//
//
//
//

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY 23.**

Defendant supplements to this interrogatory response in accordance with Rule 33(d) by referencing the document produced under Bates number ROKID_JUN FU_001908-1911, ROKID_JUN FU_001920, ROKID_JUN FU_001923, ROKID_JUN FU_001928, ROKID_JUN FU_001929, ROKID_JUN FU_001934, ROKID_JUN FU_001935, ROKID_JUN FU_001938, ROKID_JUN FU_001939, ROKID_JUN FU_001940, ROKID_JUN FU_001941, ROKID_JUN FU_009330, ROKID_JUN FU_009331.

Dated:  November 1, 2024                                   Respectfully submitted,

*/s/ Ziyong Li*
ZIYONG (SEAN) LI (CA 289696)
STEVEN M. SELNA (CA 133409)
RACHEL CHATMAN (CA 206775)
Benesch, Friedlander, Coplan & Aronoff LLP

Attorneys for Defendant/Counter-Claimant
ROKID, INC.

**VERIFICATION**

I, Liang Guan, declare:

I am the General Manager for Defendant Rokid, Inc. in this action and am authorized to make this verification on its behalf.

I have read DEFENDANT/COUNTER-CLAIMANT ROKID, INC.'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET TWO and know its contents. The answers to these requests are true and correct according to the best of my knowledge, information, and belief.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 11/1/2024 day of November, 2024 at Redwood City, CA.

_____
Liang Guan
For Rokid, Inc.

---

11

**DEFENDANT/COUNTER-CLAIMANT ROKID, INC.'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET TWO**
Case No. 3:23-cv-04327-LB

# EXHIBIT B

| | |
|---|---|
| **From:** | Li, Sean |
| **To:** | ben@bmcclaw.com; Selna, Steven; Chatman, Rachel |
| **Cc:** | Wolfish, Sarah; Landers, Jessica; bryan@bmcclaw.com |
| **Subject:** | RE: Jun Fu v. Rokid, Inc.; meet-and-confer re "eyes only" designations |
| **Date:** | Thursday, October 24, 2024 5:07:28 PM |

Bryan,

It has recently come to our attention that Plaintiff has been actively competing with our client by using confidential information that he misappropriated. This is evidenced, among other things, by the documents Plaintiff recently produced.

The produced documents are designated as attorneys-eyes-only not only because they contain customer names, but also due to the inclusion of sensitive commercial details such as specific terms, sales figures, and customer demands, etc. This information is highly confidential and commercially sensitive, which is why we designated them as AEO, especially considering Plaintiff's refusal to disclose his use of Rokid's confidential information.

We are currently in the process of reviewing your requests in detail. However, if there are specific documents you need for deposition preparation, please identify them as soon as possible. We are happy to accommodate you in reasonable ways.

Best,
Sean



Sean Li
(he/him/his)
Partner | Intellectual Property
Benesch Friedlander Coplan & Aronoff LLP

t: 628.600.2239 | SLi@beneschlaw.com
www.beneschlaw.com
100 Pine Street, Suite 3100, San Francisco, CA 94111

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

**From:** ben@bmcclaw.com <ben@bmcclaw.com>
**Sent:** Thursday, October 24, 2024 1:51 PM
**To:** Li, Sean <SLi@beneschlaw.com>; Selna, Steven <SSelna@beneschlaw.com>; Chatman, Rachel <RChatman@beneschlaw.com>
**Cc:** Wolfish, Sarah <SWolfish@beneschlaw.com>; Landers, Jessica <JLanders@beneschlaw.com>; bryan@bmcclaw.com
**Subject:** RE: Jun Fu v. Rokid, Inc.; meet-and-confer re "eyes only" designations

Dear Counsel:

Please see service of the attached correspondence.



October 24, 2024

<u>VIA EMAIL</u>

Rachel Chatman
Benesch, Friedlander, Coplan & Aronoff LLP
100 Pine Street, Suite 3100
San Francisco, California 94111

    Re: Further Meet and Confer – Defendant's Discovery Responses
       *Fu v. Rokid Inc. et al.*
       N.D. Cal., Case # 3:23-cv-04327-LB

Dear Ms. Chatman:

Pursuant to the stipulated protective order in place between the parties, I write to meet and confer in regard to Defendant Rokid Inc's ("Defendant" or "Rokid") designation of certain documents as "Attorney-Eyes Only" in their entirety, i.e., ROKID_JUNFU Bates Nos. 698-699, 1918-1937, 1942-1962, 1963-1978, 1979-2633, 3736, 8202, 8477-8478, 8502, 8514-8624.  Plaintiff objects to the designation of these documents as "eyes-only" on the basis that the information contained therein is either not trade secret, or Defendant has already disclosed the information to Plaintiff.

Defendant cannot mark customer names "eyes-only" where it has previously produced their names without that designation—as it has on multiple occasions (see e.g., 516-518, 789, 870, 930, 983, 1431, 1503 etc.).   In fact, it seems that <u>there are few if any Rokid customers whose names Defendant has not already disclosed</u>.  And certainly the documents related to Vizzion/Vizzor, Crafftech, Gazprom and the other Russian customers produced at 8514-8624 do not merit the eyes-only designation.  These issues have been discussed at length in written discovery and pleadings by both parties.

The "eyes-only" designation is prejudicial to Plaintiff, who is prevented from examining and discussing this evidence with his attorney.  Furthermore the evidence in question is relevant the calculations of his commissions, and his claims about the Russian sales.  It will also be quite a headache for the Court to manage when this evidence is shown at trial.

Please immediately remove the eyes-only designations, or else state your reasons why you contend each and every page contains information that merits designating the entire page "eyes-only".

              Sincerely,

              */s/ Bryan McCormack*
              Bryan J. McCormack, Esq.



November 5, 2024

<u>Via Email</u>

Rachel Chatman
Benesch, Friedlander, Coplan & Aronoff LLP
100 Pine Street, Suite 3100
San Francisco, California 94111

    Re: Further Meet and Confer – Defendant's Discovery Responses
       *Fu v. Rokid Inc. et al.*
       N.D. Cal., Case # 3:23-cv-04327-LB

Dear Ms. Chatman:

I write to meet and confer further in regard to Defendant Rokid Inc's ("Defendant" or "Rokid") responses to Plaintiff Jun Fu's ("Plaintiff") Special Interrogatories and Request for Production of Documents, Set Two, served by your office on October 16th; Rokid's extensive unmarked redactions; and its improper designation of volumes of important evidence as "eyes-only". We still have received no substantive response from Defendant to Plaintiff's past letters on these subjects:

**Defendant's improper "eyes-only" designations must be removed.**

As discussed in our letter of October 24, 2024, Defendant marked hundreds of pages and native files "eyes-only" in their entirety despite that they either contain no sensitive information at all, or at best only contain partially sensitive information. In a brief email response Mr. Li vaguely claimed that the document contain "specific terms, sales figures, and customer demands, etc." but did not identify where those allegedly sensitive information could be found in the "eyes-only" documents or provide any support as to why those categories merit "eyes-only" protection. Moreover, since our letter was sent, Defendant produced additional documents designated "eyes-only" at 9256-9289, 9330-9331, 9351-15936, the vast majority of which is routine communication devoid of any "competitive" information of value; or at most only partially-confidential. The designations are extremely prejudicial to Plaintiff who cannot review evidence related to his allegations of illegal Russian sales, or the data used to calculate his sales bonus/ commission. Defendant must either remove all the "eyes-only" designations immediately or seek a Court Order upholding its designations.

**Special Interrogatories Nos. 21-22**

At page 7 of Defendant's Supplemental Responses to Plaintiff's Special Interrogatories Set Two, Defendant repeats Plaintiff's Special Interrogatory No. 21, and then states a "FIRST

SUPPLEMENTAL RESPONSE TO SPECIAL INTERROGATORY NO. 22:" If this was meant to be a supplemental response to Interrogatory 21, then Defendant must revise its answer. Assuming that the response was intended to answer interrogatory #21, then Defendant must clarify whether the customers in Column C of Rokid 9331 are *in addition to* those listed on the various other spreadsheets in the prior response, or if 9331 is meant to *replace* those earlier-named spreadsheets.  Also, Defendant's designation of 9331 as "eyes-only" in its entirety is extremely vexatious and prejudicial to the extent that Plaintiff is not even permitted to verify if the list of his customers is complete or not.

Defendant's numbering of its responses to Special Interrogatory No. 22 is also in error  -- the interrogatory is followed by "RESPONSE TO INTERROGATORY NO. 23" and then "FIRST SUPPLEMENTAL RESPONSE TO SPECIAL INTERROGATORY NO. 24:"  Defendant's refusal to simply "State the amount of sales **you** contend Jun Fu achieved in each of the years 2022 and 2023" is also highly vexatious.  The answer provided (assuming it was for #22) is utterly incomprehensible and Plaintiff will have no choice but to move the Court for a proper response if Defendant does not immediately provide one.

**Document Request No. 51**

As noted previously, Plaintiff sought production of the native version of Defendant's severance letter to determine when it was created.  It appears that Defendant may have produced some metadata that it may claim relates to the file—but Defendant has still not produced the native version of the file so that Plaintiff can examine it.  To the extent that Defendant intends to rely on any metadata it produced it has waived any privilege and must produce the native version of the file.

**Unmarked Redactions and Privilege Log**

Defendant never responded to Plaintiff's letter concerning the hundreds of redactions made to its document production that are not on the privilege log—thus not subject to privilege.  Defendant must state the basis for every redaction in its document production (unless it is absolutely clear from the document's face that it is a social security number, e.g., Rokid_JunFu_304) or remove the redactions immediately.

\* \* \*

Due to Defendant's refusal to address these previously-raised issues Plaintiff has no choice but to seek immediate court intervention unless they are addressed  by 5PM on Thursday November 7th.

Sincerely,

*Bryan McCormack*

Bryan J. McCormack, Esq.

Rachel Chapman, Esq.
November 5, 2024
Page 2