Ziyong (Sean) Li (CA 289696)
Steven M. Selna (CA 133409)
Rachel Chatman (CA 206775)
Benesch, Friedlander, Coplan & Aronoff LLP
100 Pine Street, Suite 3100
San Francisco, California 94111
Telephone:   628.600.2250
Facsimile:    628.221.5828
sli@beneschlaw.com
sselna@beneschlaw.com
rchatman@beneschlaw.com

Attorneys for Defendant/Counter Claimant
ROKID, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUN FU,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>ROKID, INC.; Does 1-100, inclusive,<br><br>　　　　　　Defendants. | Case No. 3:23-cv-04327-LB<br><br>**ROKID, INC.'S STATEMENT IN RESPONSE TO PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL**<br><br>State Compl. Filed:  August 17, 2023<br>Removal Date:　　　August 23, 2023<br>Trial Date:　　　　　Not Set |
| ROKID, INC.,<br><br>　　　　　　Counter Claimant,<br><br>　v.<br><br>JUN FU; DOES 1-100, inclusive,<br><br>　　　　　　Counter Defendants. | |

1  Pursuant to Local Rule 79-5(f), Defendant and Counter Claimant Rokid, Inc. ("Rokid") hereby submits this Statement in Response to Plaintiff Jun Fu's Administrative Motion to Consider Whether Rokid's Material Should be Sealed (Dkt. 61) (the "Statement").

On November 7, 2024, Plaintiff and Counter-Defendant Jun Fu ("Fu") filed an Administrative Motion to Consider Whether Another Party's Material Should Be Sealed, along with its Motion for Summary Judgment or in the Alternative Partial Summary Adjudication of Counterclaims (the "Motion for Summary Judgment") (Dkt. 60), the Declaration of Jun Fu in support of Motion for Summary Judgment or in the Alternative Partial Summary Adjudication of Counterclaims ("Fu Declaration") (Dkt. 60-1), and the Declaration of Bryan McCormack in support of Motion for Summary Judgment or in the Alternative Partial Summary Adjudication of Counterclaims ("McCormack Declaration") (Dkt. 60-5). The Fu Declaration was filed with Exhibits 1–3. The McCormack Declaration was filed with Exhibits 4–6. Exhibits 1 and 3 to the Fu Declaration and Exhibits 4, 5, and 6 to the McCormack Declaration were filed under seal (Dkts. 60-2, 60-4, 60-6–8). Pursuant to the Protective Order entered in this case (Dkt. 23), Rokid designated Exhibits 1 and 3–6 as "Confidential." After further review of the sealed exhibits, Defendant has refiled public versions of each document with this Statement. Exhibits 1 and 3 to the Fu Declaration and Exhibits 4 and 6 to the McCormack Declaration (together, "Exhibits 1, 3, 4, and 6") (Dkts. 60-2, 60-4, 60-6, 60-8) have been refiled with redactions, and Exhibit 5 to the McCormack Declaration (Dkt. 60-7) has been refiled without redactions. Declaration of Ziyong Li ("*Li Decl.*"), Exhibits 1, 3–6.

Exhibits 1 and 3 to the Fu Declaration and Exhibits 4 and 6 to the McCormack Declaration (together, "Exhibits 1, 3, 4, and 6") include the following documents:

- Exhibit 1 to the Fu Declaration, PL000051–000065;
- Exhibit 3 to the Fu Declaration, PL000418–000419;
- Exhibit 4 to the McCormack Declaration, Deposition of Liang Guan; and
- Exhibit 6 to the McCormack Declaration, Defendant's Second Supplemental Responses to Response to Plaintiff's Special Interrogatories Set No. One.

For the reasons provided below, Rokid respectfully requests that Exhibits 1, 3, 4, and 6 be maintained under seal because they contain Rokid's and third parties' critical commercial terms, customer

2

**ROKID, INC.'S STATEMENT IN RESPONSE TO PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL**
Case No. 3:23-cv-04327-LB

1  contact information, financial data, and competitive sensitive information. This Statement is supported
2  by the concurrently filed *Li Decl.*

3  The Court should find that there is good cause to justify sealing Exhibits 1, 3, 4, and 6 to Fu's
4  Motion for Summary Judgment. A party seeking to seal a document filed with the Court generally must
5  (1) comply with Civil Local Rule 79-5; and (2) rebut the public's right of access to the Court's files. *See*
6  *Symantec Corp. v. Zscaler, Inc.*, No. 17-CV-04414-JST, 2019 WL 1560451, at *1 (N.D. Cal. Apr. 10,
7  2019) (citations omitted). Because Exhibits 1, 3, 4, and 6 have been submitted with regard to a non-
8  dispositive issue, the Court should apply the "good cause" standard to the second prong, which is satisfied
9  through a "'particularized showing' that 'specific prejudice or harm will result' if the information is
10 disclosed." *Id.* (citations omitted).

11 Exhibits 1, 3, 4, and 6 contain confidential information regarding Rokid. For example, Exhibit 1
12 contains screenshots of communications between Fu and Rokid customers, including the names of key
13 decision-makers. *Li Decl.*, ¶ 3. Exhibit 3 also contains detailed contact information for a key customer
14 decision-maker, including the title, email address, and cell phone number. *Li Decl.*, ¶ 4. Exhibit 6 also
15 contains the name of the key decision-maker of Rokid's customer. *Li Decl.*, ¶ 6. If the information in
16 Exhibit 1, Exhibit 3, and Exhibit 6 is disclosed, competitors could easily approach these customers and
17 undermine Rokid's competitive advantages developed through its customer identification efforts.
18 Redacted public versions of these Exhibits 1, 3, and 6 have been submitted with this Statement. *Li Decl.*,
19 Exhibits 1, 3, and 6. Therefore, it is appropriate to keep the original Exhibit 1 (Dkt. 60-2), Exhibit 3 (Dkt.
20 60-4), and Exhibit 6 (Dkt. 60-8) under seal. Exhibit 4 contains witness testimony from Rokid, including
21 specific customers and their sales history with the company. This information is highly sensitive as it
22 reveals Rokid's customer relationships, sales history, and business performance. Public disclosure could
23 give competitors insight into Rokid's market positioning, which undermines its competitive advantages.
24 *Li Decl.*, ¶ 5. A redacted version of Exhibit 4 has been filed with this Statement. *Li Decl.*, Exhibit 4. Thus,
25 it is appropriate to keep the original Exhibit 4 (Dkt. 60-5) under seal.

26 Rokid has a legitimate private interest in maintaining its confidentiality due to several reasons. *Li*
27 *Decl.*, ¶ 9. First, the sensitive customer data and contact information belonging to Rokid contained in
28

Exhibits 1 and 3 to the Fu Declaration and Exhibit 6 to the McCormack Declaration is pivotal for Rokid's competitive positioning. *Id*. Keeping these details confidential is integral to protecting Rokid's business interests because it ensures that Rokid can continue to operate efficiently and competitively within the market. *Id*. Second, the key contact information, critical sales data, and detailed performance analysis contained within Exhibit 4 would undermine Rokid's market advantage if disclosed. This insight into Rokid's market positioning would allow for competitors to use these customer relationships and sales figures to allocate resources strategically, assess Rokid's revenue patterns and sales capacity, and undercut Rokid's strengths. *Li Decl.,* ¶ 10.

The confidentiality of this information upholds the security and privacy of the involved parties and fosters trust and confidence among clients and partners. *Li Decl.*, ¶ 11. It ensures the security of sensitive financial and personal information and maintains the integrity and competitive edge of Rokid's operational procedures. *Li Decl.*, ¶ 12. Further, given the current nature of the parties' non-dispositive discovery dispute, the disclosure of the information is also not necessary to the public's understanding of the case. *Li Decl.*, ¶ 13.

Public disclosure of these documents could give competitors unfair insight into Rokid's business performance, customer relationships, and sales history, which would lead to a loss of competitive advantage. It would also compromise the security and privacy of the involved parties, exposing them to risks such as identity theft, fraud, and unauthorized financial transactions. *Li Decl.*, ¶ 14.

Rokid, when compiling the redacted Exhibits 1, 3, 4, and 6, has selected only the minimal necessary excerpts to illustrate the context of the document production at issue. It is willing to supplement with more confidential documents if the Court deems it necessary. Accordingly, given the narrowly tailored designation, there is no less restrictive alternative to sealing these materials. *Li Decl.*, ¶ 15.

The Ninth Circuit has found compelling reasons to seal "information which is used in one's business, and which gives [it] an opportunity to obtain an advantage over competitors who do not know or use it." *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008). This Court has previously found that similar excerpts of documents should be maintained under seal. *See, e.g.*, *Uniloc United States of America, Inc., et al., v. Apple Inc.*, Case No. 4:18-cv-00362-PJH, 2018 WL 2392561, at *7 (N.D. Cal.

May 25, 2018) (sealing information that would create a security risk); *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-cv-04810-HSG, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020) (noting that courts have generally found "confidential business information" in the form of "business strategies" sealable under the compelling reasons standard).

The Court should do so here too. Consistent with the bases identified above, Rokid respectfully requests that Exhibits 1, 3, 4, and 6, including the documents identified in the table below, be maintained under seal:

| DOCUMENTS | BATES RANGE | DESIGNATATION |
|---|---|---|
| Exhibit 1 to the Fu Declaration | PL000051–000065 | Confidential |
| Exhibit 3 to the Fu Declaration | PL000418–000419 | Confidential |
| Exhibit 4 to the McCormack Declaration | N/A (Excerpts of the deposition of Defendant Rokid Inc.'s Rule 30(b)(6) witness Liang Guan) | Confidential |
| Exhibit 6 to the McCormack Declaration | N/A (Excerpts of Rokid's Second Supplemental Responses to Response to Plaintiff's Special Interrogatories, Set No. One) | Confidential |

For these reasons, Rokid respectfully requests that the Court maintain under seal Exhibits 1, 3, 4, and 6 to the Motion for Summary Judgment (Dkts. 60-2, 60-4, 60-6, 60-8) listed above.

Dated: November 14, 2024                          Respectfully submitted,

*/s/ Ziyong Li*
ZIYONG (SEAN) LI (CA 289696)