UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| JUN FU,<br><br>    Plaintiff,<br><br>    v.<br><br>ROKID, INC.,<br><br>    Defendant. | Case No. 23-cv-04327-LB<br><br>**DISCOVERY ORDER**<br><br>Re: ECF No. 139 |

The plaintiff sued Rokid, claiming breach of contract and employment-law violations based on his refusing to engage in illegal activities, use of sick leave, and disability. Rokid counterclaimed for trade-secret misappropriation and defamation. The court denied the plaintiff's summary-judgment motion on the trade-secret and defamation claims due to factual disputes requiring further discovery. It granted Rokid's motion for sanctions, ordering a permissive adverse-inference instruction. It also ordered the plaintiff to supplement his responses to Interrogatory 17 and Requests for Production 55 and 56 and to provide a declaration regarding spoliation.[1]

The parties dispute the sufficiency of the plaintiff's responses.[2] The court can resolve the dispute without oral argument. Civil L. R. 7-1(b).

---

[1] Order – ECF No. 134 at 11–15. Citations refer to the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] J. Case-Mgmt. Statement – ECF No. 139.

ORDER – No. 23-cv-04327-LB

Parties may obtain discovery regarding any nonprivileged matter relevant to a party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b). "Pretrial discovery is ordinarily accorded a broad and liberal treatment." *Peng v. Nw. Mut. Life Ins. Co.*, No. 17-cv-01760-SI, 2017 WL 3007030, at *1 (N.D. Cal. July 14, 2017) (cleaned up) (quoting *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993)). The party moving to compel discovery "has the initial burden of establishing that the information sought is relevant to any party's claim or defense and proportional to the needs of the case." *Impinj, Inc. v. NXP USA, Inc.*, No. 19-cv-03161-YGR (AGT), 2022 WL 16586886, at *2 (N.D. Cal. Nov. 1, 2022) (cleaned up).

**1. Interrogatory 17**

Interrogatory 17 asks the plaintiff to "identify each communication [Fu] had with third parties relating to [Rokid] and/or augmented reality glasses products since May 12, 2023 and describe the circumstances of these communications, including the dates, methods, and contents of the communications."[3]

The plaintiff asserts that he has already produced all communications in his possession related to Rokid or its customers and, apart from previously produced communications or those he testified about, he does not recall additional responsive communications. He objects that his communications with other industry persons are not relevant or proportional to Rokid's claims as the recipients are not Rokid customers and the communications do not mention Rokid.[4]

Communications that do not mention Rokid and are not with its customers are not relevant to defamation or Rokid's pleaded theory of misappropriation. But the plaintiff admittedly

---

[3] Suppl. Resp. at 2–5.
[4] *Id.* at 3.

communicated with Rokid's competitors. That could be relevant to misappropriation, though Rokid does not allege that the plaintiff disclosed trade secrets to them.

The parties have not complied with the meet-and-confer procedures for discovery disputes. They must do so regarding the relevance of the communications to Rokid's misappropriation claim.

### 2. RFP 55 and 56

RFP 55 requests "All communications, including emails, text messages, and social media messages, between You and any former, current or potential customers of Rokid, from May 12, 2023 to the present, relating to any products or services that compete with those offered by Rokid, including communications whether directly from You or indirectly through any companies You owned, controlled, or served as an officer."

RFP 56 requests "All communications, including emails, text messages, and social media messages, between You and any former, current or potential customers of Rokid, from May 12, 2023 to the present, concerning the solicitation of customers or clients for products or services that compete with those offered by Rokid, including communications whether directly from You or indirectly through any companies You owned, controlled, or served as an officer."[5]

The plaintiff objects based on relevance and proportionality grounds but states that, after a diligent search, he has produced all unprivileged responsive documents in his possession, custody, or control. Based on this record, the court cannot grant further relief: the plaintiff asserts he produced all responsive documents and lacks records of the communications referenced in his deposition.[6]

### 3. Preservation Declaration

The court ordered the plaintiff to provide file a declaration explaining how he identified and

---

[5] Suppl. Resp. at 3–4.

[6] *Id* at 4, 6.

preserved responsive materials.[7] Rokid argues the declaration is insufficient because it focuses entirely on spoliation of the plaintiff's old cell phone and fails to address searches for *recent* relevant communications.[8] While the declaration discusses the cell-phone spoliation, it also states:

> 3. I also identified and preserved the following sources of potentially responsive information:
>
>    a. Documents I obtained during my employment with Rokid that support my claims, including my offer letter, employee handbook, paystubs, phone camera pictures, screenshots, emails and computer files. I uploaded these files to Google Drive.
>
>    b. My Gmail account, work email accounts, and LinkedIn account. I did not delete any information from these sources that refer or relate to Rokid, Rokid's customers, my claims, Rokid's claims, or any of the categories of documents requested in discovery.
>
> 4. I performed a manual review of the other information sources listed above to identify writings and ESI that were responsive to the initial disclosures or to Rokid's discovery requests.
>
> 5. After Rokid met-and-conferred regarding the completeness of my document production, I ran all of the keyword searches specified by Rokid's counsel in the above-listed sources and identified and preserved additional documents that were located in those searches.

If the plaintiff used his Gmail, work email, and LinkedIn accounts for communications post-termination, the declaration is sufficient.

**4. Correction of Order**

The court's prior order incorrectly referred to a company (Guangzhou Shixiang Technology Co.) as a Rokid customer. It is, in fact, a competitor in the augmented-reality space.[9] This does not affect the holding: the plaintiff admitted to responsive communications after the erasure of his phone and during his deposition acknowledged communications with Rokid's customers.[10] The

---

[7] Order – ECF No. 134 at 13.
[8] J. Case-Mgmt. Statement – ECF No. 139 at 2.
[9] Order – ECF No. 134 at 8.
[10] Resp. to Interrogatory 4.

order held that sanctions and discovery were justified to address communications with Rokid's customers and other augmented-reality players (including Guangzhou), as these could be relevant to defamation.[11]

The court will issue an amended order to identify Guangzhou as a competitor.

**IT IS SO ORDERED.**

Dated: April 21, 2025

LAUREL BEELER
United States Magistrate Judge

---

[11] Order – ECF No. 134 at 10, 13, 16.